HARALSON VS. WALKER ET. AL.

In an action on a bond to deliver a negro or pay the value, on a specified contingency, a plea that, before the happening of the contingency, the negro died, is a good answer to the declaration.

*Appeal from Prairie Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WILLIAMS, for the appellant.

The second plea was clearly good. Haralson's bond did not bind him to deliver the negro, if dead. The act of God or the public enemies always did excuse the performance of a covenant, if it thereby became impossible. *Ch. on Con.* 635; *Shep. Touch.* 173, 382; *The People vs. Manning*, 8 *Cowen*, 297; 4 *Pick.* 101; 19 *John. Rep.* 44.

MARTIN for the appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

The plaintiffs, appellees here, and Haralson, the appellant, had demands against John W. Walton, and for their satisfaction had, in some way not shown, got control of a negro girl, Violet, and Haralson took her into possession. Violet was, however, claimed by Cynthia Sloan, who was asserting the claim by suit in the circuit court of Marshall county, Mississippi, when Haralson entered into an obligation to the plaintiffs, that if judgment should be obtained for the taking of Violet, he would surrender her to the proper officers, to be applied to its payment, or would pay on the judgment the value of Violet.

The plaintiffs brought an action of debt upon the bond, alleging that Cynthia Sloan had obtained judgment in the suit, that Haralson had not surrendered Violet, nor paid her value according to the conditions of his bond.

Haralson interposed five pleas; the first was demurred to and the record does not disclose any action of the court upon the demurrer : the third was a plea of nil debet, which afterwards seems to have been substituted by a plea of payment put in as a fourth plea, about which pleas nothing was done by the court, while the fifth plea was one of set off, which was also allowed to sleep on the files of the case.

No question is presented to us by the record but upon the second plea, which the court struck from the files. It averred that Violet, before judgment was rendered in the suit of Cynthia Sloan, died. We do not know why this plea should have been met with a motion to strike it out. The record does not show the grounds of the motion, and we conceive the plea to have been a good answer to the declaration : and it did not require a supporting affidavit.

Haralson's obligation was to surrender Violet to the judgment of Cynthia Sloan, or to pay her value on the judgment. He had then an election, at the rendition of the judgment, according to his bond, but by the act of God that election was taken away when the judgment was rendered, and therefore his obligation to pay Violet's value, as well as to surrender her, was discharged. *Croke Eliz.* 396, 399; *Co. lib.* 206, *a*; *Shep. Touch.* 173, 382; *Bac. Abr., Conditions R. p.* 335, *by Bouvier*; *Ch. on Contracts,* (9 *Am. ed.*) 743.

For this error the judgment of the Circuit Court is reversed.