## PHILLIPI vs. CAPELL.

[MOTION FOR EXECUTION ON FORTHCOMIG BOND.]

1. *Forthcoming bond ; death of slave discharges condition.*—The condition of a forthcoming bond is discharged by the death of the slave before forfeiture, and no liability results to the surety from the failure to deliver him according to the stipulations of the bond.

APPEAL from the Chancery Court at Mobile. Heard before the Hon. N. W. COCKE.

THE appellees in this case, Wesley N. Capell and Harvey S. Capell, filed their bill against John Nugent, Giobe Landano, and others, to enforce a settlement of said Nugent's accounts as their guardian, and to subject to the satisfaction of whatever decree might be rendered in their favor certain slaves and other property, which Nugent had mortgaged to the sureties on his official bond as guardian, and which Landano claimed by subsequent purchase from him. An attachment was sued out in the case, to prevent Landano from removing two of the slaves, Ralph and Matt, which were in his possession ; and he thereupon gave a forthcoming bond, for their delivery, with A. Phillipi as his surety. The bond was dated the 25th of January, 1854, and was conditioned that the said Landano and Phillipi "shall have forthcoming, and deliver to the proper officer the above described property, within thirty days after judgment, to satisfy such recovery as may be had, or such judg-

ment as may be rendered, in favor of the plaintiffs in said attachment, by the court trying the same." A receiver was afterwards appointed in the cause, and the slave Ralph was delivered up to him. At the June term, 1859, Hon. WADE KEYES presiding, the complainants obtained a decree, and a sale of the mortgaged property, including the slave Ralph, was ordered; and a money decree was also rendered against Landano, for one thousand dollars, the value (as reported by the master) of the slave Matt, who had died in his possession before the rendition of the decree.

In July, 1860, the complainants filed their petition, alleging the insufficiency of the proceeds of sale of the mortgaged property to satisfy their decree, and the insolvency of both Nugent and Landano; and asking an award of execution against Phillipi, as the surety on the forthcoming bond, for the sum reported by the master as the value of the slave Matt. Phillipi demurred to the petition, and also insisted, by answer, that the death of the slave before the rendition of the decree discharged the bond. The chancellor overruled his demurrer, and awarded execution against him; and he now assigns the chancellor's decree as error.

DARGAN & TAYLOR, for appellant.
GEO. N. STEWART, contra.

A. J. WALKER, C. J.—Before forfeiture of the forthcoming bond, the slave Matt died; and no liability upon the bond could result from the failure to deliver him in pursuance of the stipulations of the bond.—Falls v. Weissinger, 11 Ala. 801.

The decree of the court below must be reversed, and a decree must be here rendered, dismissing complainants' petition; and the appellees (who were the petitioners below) must pay the costs of the chancery court, and of this court.