THE LA CROSSE AND MINNESOTA STEAM PACKET COMPANY

*vs.*

DANIEL A. ROBERTSON.

A party having a *special property*, in goods, can only recover as against the *general owner* the value of the special interest.

The plaintiff claiming that the defendant had wrongfully taken and detained certain personal property belonging to the plaintiff, brought this action in the District Court for Ramsey County, to recover possession of the same.    The defendant justified the taking and detention, alleging that he was, at

the time, sheriff of said county, and levied upon, and took said property under and by virtue of an execution duly issued out of this court against the property of the plaintiff. Issue was joined and the cause tried before the Court without a jury. The Court found, among other things, that the defendant was entitled to judgment for the return of the property (which under the proceedings in this case had been taken from his possession and delivered to plaintiff), and for the value thereof, in case a return could not be had, and judgment was entered pursuant to such finding. The plaintiff appeals to this Court. The value of the property as found by the Court was $10,000. The execution under which defendant justified the taking called for $1629.29.

ALLIS & WILLIAMS for Appellant.

I.—The Court erred in deciding that the defendant was entitled to judgment in case a return of the property could not be had, for the sum of ten thousand dollars, or for any greater sum than the amount of the execution in his hands, with interest and his fees for collecting.

In favor of a sheriff or other person having only a special property in chattels, as against the person having the general property, the value is limited to the value of the special property. *Ingersoll vs. Van Bolekilm,* 7 *Cow.,* 471; *Spoor vs. Holland,* 8 *Wend.,* 445; *Russell vs. Butterfield,* 21 *Wend.,* 300; *Parish vs. Wheeler,* 22 *N. Y.,* 494; *Chadwick vs. Same,* 29 *Barb.,* 518; *Rhoades vs. Woods,* 41 *Barb.,* 471.

GEO. L. OTIS for Respondent.

I.—In giving judgment for the value of the property as alleged, proved and found, the Court below did not err, but fol-

La Crosse and Minnesota Steam Packet Company v. Robertson.

lowed the statute, as it was bound to do.     *Gen. Stat.*, *p.* 481,
*Sec.* 249.

The common law rule referred to in appellant's points, and
cited in his authorities, has no application.    The statute fixes
the measure of damages, and must be followed.

No possible harm can result to appellant from the amount
of the judgment.    The record shows it to be collateral to an-
other judgment, which is the principal debt, the payment of
which satisfies this one.

Two judgments may, and often do, represent the same debt.
One payment satisfies both, and if the creditor refuses to give
the necessary satisfaction, the Court orders it done at once.

Again, the respondent is entitled to recover not only the
execution judgment, but his own fees and all increased costs
incurred or to be incurred in collecting it, with interest.  These
increased costs cannot be certainly known when the replevin
suit is tried.    Many of them may accrue after the trial ; but
he is entitled to hold the property taken, or its value, for the
entire claim, including costs and charges.

II.—The appellant alleges no error in the judgment below,
except in the amount recovered; and this relieves us from an
argument on the merits involved.

III.—Conceding all that is claimed by appellant, and this
Court will affirm the judgment below, merely modifying it as
to amount.

*By the Court*—WILSON, Ch. J.—A party, having a *special
property* in goods, can only recover, as against the *general
owner*, the value of the special interest, which in this case is
the amount of the execution with interest and cost thereon.
*Sedgwick on Meas. of Damages*, 501 ; *Rhodes vs. Woods*,
41, *Barb.* 471 ; *Parish vs. Wheeler*, 22 *N. Y.*, 494 ; *Russell
vs. Butterfield*, 21 *Wend.* 300.

*Section* 249, *chapter* 66, *of the General Statutes* has not changed the measure of damages in cases of this kind. It was intended by that section to declare generally the relief to which the parties should be entitled in an action to recover the possession of personal property, but not to lay down a rule of damages for each case.

See the following cases decided under statutes substantially the same as ours: *Fitzhugh vs. Wiman*, 9 *N. Y.*, 559; *Noble vs. Eppersley*, 6 *Ind.*, *R.*, 468; *Rhodes vs. Woods*, *supra.*

From the facts found, the determination of the amount to which the defendant is entitled to judgment, is a mere matter of arithmetical calculation, except as to a portion of the costs on the execution, which we have no data enabling us to determine. If he consents to take judgment for the amount of the execution and interest, and any costs to which it appears, without additional proof, he is by law entitled, the judgment will be modified accordingly, but if not, it must be reversed.