# WILLARD WHEATON

## *vs.*

## HORACE THOMPSON, *et al.*

H, owner of a stock of goods, assigned the same for the benefit of creditors to B. Under sundry writs of attachment against H, W, the present plaintiff, as sheriff of Steele county, levied upon the goods, taking them from B's possession. B in an action of claim and delivery retook the goods from W, the defendants, with others, executing the bond required by statute in such cases, conditioned for a return of the property if a return was adjudged, and for the payment by B of such sum as might for any cause be recovered against him. Upon trial of the action of claim and delivery, the defendant therein (*i.e.*, the present plaintiff,) had a verdict, in conformity to which judgment was entered, that he recover possession of the goods, or in case possession could not be obtained, that he recover twelve thousand dollars, being the value of the goods as found by the jury, with eight hundred and seventy-five dollars damages for the taking and detention, besides costs. Being unable to obtain possession, this action is brought upon the bond. In his answer in the action of claim and delivery, the defendant (*i.e.*, this plaintiff,) in justification of his levy, alleged that as such sheriff he took the goods as the property of H, by virtue of certain writs of attachment, duly allowed and issued out of and under the seal of the district court of Steele county, in certain suits therein pending, wherein certain parties specifically named, " and other parties, creditors of said H, were plaintiffs." At the trial of the action of claim and delivery the defendant therein (*i. e.*, this plaintiff,) introduced all the writs of attachment the plaintiffs' names in which were specifically mentioned in the answer, and one other writ. It further appeared that in addition to these writs of attachment defendant (*i. e*, the present plaintiff,) held what he claimed to be a writ of attachment in an action pending in said court, in which Brown & Smith were plaintiffs, and said H defendant, and that before the commencement of the action of claim and delivery he levied the same upon said goods. The so called writ of attachment of Brown & Smith was signed by the judge of the district court, but was not signed by the clerk, nor sealed with the seal of the court, or other-

Wheaton v. Thompson et al.

wise.  *Held*, that the so called writ was under § § 129, 130, ch. 66, Gen. Stat., as a writ, void, and the levy thereunder incurably void.

The so called writ was not introduced in evidence.  *Held*, that it would not have been admissible if offered.

It further appeared that by arrangement with the several creditors the writs in whose suits were put in evidence in the action of claim and delivery, Wadsworth & Co., who were sureties on the bond aforesaid, paid the several judgments rendered in said suits, together with the costs in the action of claim and delivery, the total amount of said judgments and costs being $11,227.99.  No part of the judgment which was recovered by Brown and Smith, has been paid.  In the present action, the present plaintiff seeks to recover the difference between said sum of $11,227.99, and the judgment recovered in the action of claim and delivery with interest, or, if this cannot be permitted, he claims to recover at least the amount of the Brown & Smith judgment.  *Held*, that neither recovery is allowable.

Judgment was recovered in this action in the district court of Steele county, against the defendants, from which they appeal.  To the statement of the case contained in the opinion, it is only necessary to add that, prior to the commencement of the replevin suit therein mentioned, the plaintiff had attached the goods of Blackman upon two writs of attachment issued in suits brought by Philip Wadsworth & Co. and by Rosenthal Brothers against Hempel.  At the trial of the replevin suit these writs were offered in evidence, but were excluded by the court.  Wadsworth & Co. and Rosenthal Brothers were preferred creditors in the assignment from Hempel to Blackman, and signed the bond in suit as sureties for Blackman.  No judgments were ever entered in their suits against Hempel, and they shared in the proceeds of the property replevied and thus received payment of their claims.

Lorenzo Allis, for Appellants.

Gordon E. Cole, for Respondent

*By the Court.*—BERRY, J.—One Hempel, being owner of a stock of goods, assigned the same for the benefit of his creditors to Blackman. By virtue of sundry writs of attachment against Hempel, the plaintiff as sheriff of the county of Steele, levied upon the goods and took them from Blackman's possession. Blackman in an action of claim and delivery retook the goods from plaintiff; the defendants, with others, executing the bond required by statute in such cases, conditioned for a return of the property if a return was adjudged, and for the payment by Blackman of such sum as might for any cause be recovered against him.

Upon the trial of the action of claim and delivery, the defendant therein, who is the plaintiff in the present action, had a verdict, in conformity to which judgment was entered that he recover possession of the goods, or in case possession could not be obtained, that he recover twelve thousand dollars, being the value of the goods as found by the jury, with eight hundred and seventy-five dollars damages for the taking and detention, besides costs. Being unable to obtain possession of the goods, the plaintiff brings this action upon the bond. The case was tried by the court below upon an agreed statement of facts, the right to object to the competency of such facts being reserved. It appears that in his answer in the action of claim and delivery, the defendant therein, (*i. e.,* this plaintiff,) in justification of his levy, alleged "that as such sheriff he took the goods as the property of Hempel, under and by virtue of certain writs of attachment duly allowed and issued out of, and under the seal of said court (the district court for Steele county,) in certain suits therein pending, wherein James W. Dresser, Wm. M. Hays & Co., Norton & Tuttle, Pope & Baldwin, Bohrer, Morrison & Reeves, John V. Farwell & Co., Kimball, Stevens & Co., J. D. Blake, and other parties, creditors of said Hempel, were plaintiffs, and the said

Wheaton v. Thompson et al.

Hempel was defendant." At the trial of the action of claim and delivery, the defendant therein introduced all the writs of attachment in which the plaintiffs' names are specifically mentioned in the above extract from the answer, and one other in which James W. Dresser and wife were plaintiffs.

It further appears that in addition to these writs of attachments said defendant Wheaton " held what he claimed to be a writ of attachment in an action pending in said court in which Brown & Smith were plaintiffs, and said Hempel defendant, and that prior to the commencement of the action of claim and delivery he levied the same upon said stock of goods which he claimed to hold under and by virtue of all said writs. The so called writ of attachment in the action brought by Brown & Smith was signed N. M. Donaldson, judge district court fifth district," but was not signed by the clerk, nor sealed with the seal of the court, or otherwise.

Under the law in force at the time when the pretended writ purports to have been issued, the district judge had authority to *allow* a writ of attachment. *Gen. St., ch.* 66, §§ 129, 130. But by section 13, ch. 64, tit. 1, Gen. Stat., the writ was required to be sealed with the seal of the court, and to be signed by the clerk.

Whatever might have been the case if the paper in question had been signed by the clerk, or sealed with the seal of the court of which the clerk is the proper custodian, the signature of the judge without the seal, and without the signature of the clerk, is ineffectual to make it a writ of attachment. While the judge's signature might be regarded as an *allowance* of a writ of attachment, it does not make the document signed a writ of attachment for the simple reason that the writ is purely statutory, and the statute does not authorize the judge to issue it.

If the writ had been issued by an authorized officer, any

mere irregularities in the manner of issue might have been cured by amendment ; but in this case, the pretended writ is as a writ simply void, and of course any levy made under it is incurably void also.

This pretended writ was not introduced in evidence upon the trial of the action of claim and delivery. If it had been offered, it would have been inadmissible, not only because void, but because, not being duly issued out of or under the seal of the court, it was not one of the writs pleaded in the answer either specially or generally.

It further appeared that by arrangement with the various creditors the writs in whose suits were put in evidence in the action of claim and delivery, Philip Wadsworth & Co., who were sureties on the bond aforesaid, paid the several judgments rendered in said suits, together with the costs in the action of claim and delivery, the total amount of said judgments and costs being $11,227.99. No part of the judgment recovered by Brown & Smith has been paid. The plaintiff in this action claims to recover the difference between said sum of $11,227.99, and the judgment recovered in the action of claim and delivery, with interest, or if this cannot be permitted, he claims to recover at least the amount of the Brown & Smith judgment.

The defendants, on the other hand, claim that the effect of the settlement and payment made by Wadsworth & Co., was to extinguish the present plaintiff's rights under the judgment recovered by him as defendant in the action of claim and delivery.

In the language of the statute, property is attachable " as security for the satisfaction of such judgment as the plaintiffs (i. e., the plaintiffs in the action in which the attachment issues,) may recover." *Gen. Stat.*, ch. 66, § § 128, 132. The effect of the levy of an attachment is, then, to vest in the sheriff a special property in the goods attached ; and as he has but a

special property in the goods, so he has but a special property in the proceeds of the goods when they are converted into money.    And whether the conversion of the goods into money arises from a sale thereof as perishable, under section 136, ch. 66, Gen. Stat., or from the collection of a judgment for the value thereof in an action of claim and delivery is unimportant ; the sheriff in either case holding the proceeds of the goods as *security* as provided by statute, and by virtue of his special property therein.

If the goods attached are taken from the sheriff in an action of claim and delivery, and they are returned to him under a judgment in his favor, his property in them is still a special property, and he still holds them in security as in the first place.   If, upon being unable to obtain a return of the goods, he recovers their value as fixed in the judgment, he holds such value, and the judgment awarding the same, as security as before, and his property therein is a special property for security purposes.

When it can be ascertained what the value of such special property is, such value should, as against the person holding the general property, be the measure of the amount which the sheriff should be entitled to receive, and recover in case the return of the goods cannot be obtained.   *La Crosse & Minn. Packet Co. vs. Robertson*, 13 *Minn.* 291 ; *Ib.* 120.   But there may be cases in which the value of his special property cannot be definitely ascertained at the time when the verdict and judgment in the action of the claim and delivery are rendered. When this is the case, there would seem to be no other practical general rule for assessing the amount which he shall recover in case a return of the goods cannot be had except to assess the full value of the goods.   There may be some cases to which this general rule should not be applied ; cases in which though the value of the special property cannot be

definitely ascertained, it may for special reasons be approximated to, and satisfactorily found to fall below the full value of the goods. In the present case it appears that the evidence introduced in the action of claim and delivery for the purpose of showing the special property of the present plaintiff in the goods, consisted of certain writs of attachments, as before stated. Now as under the attachments the goods were held as security for the *judgments* which might be recovered by the plaintiffs in the actions in which the writs were issued, the writs did not furnish the means of ascertaining definitely what the value of the plaintiff's special property might be, for the simple reason that they furnished no certain data from which it could be determined what the amount of those judgments would be. And as it does not appear that there was any special reason (either on account of the excessiveness of the attachments, or otherwise,) why the amount to be recovered in case a return of the goods could not be had should be less than their value, we think the jury in this case were justified in fixing that amount at such full value, as the verdict shows that they did. And it is hardly necessary to add that in this respect the judgment properly conformed to the verdict.

It appears, then, that in this case the amount which by the terms of the verdict and judgment the plaintiff is entitled to recover, is the full value of the goods, not the value of any special property therein short of such full value, and that in thus awarding the full value, this verdict and judgment are right in point of law. Now, since under the provisions of statute authorizing and regulating attachments the sheriff holds whatever he acquires by virtue of attachments *as security* for any judgment which may be recovered in the action in which the attachments are issued—his interest being only a special property for the purposes of such security—there is no principle of law or equity which should permit him, as

against Blackman, the *general owner* of the property, or Blackman's sureties, to enforce any right of special property after the purposes for which the security is taken are accomplished. The purpose for which the special property is conferred upon him having been fulfilled, the goods, or the proceeds of the goods taken as security, should be discharged from the incumbrance of such special property, or, in other words, the special property should be treated as extinguished.

In this case the defendants claimed that the facts heretofore stated showed that the measure of the present plaintiff's special property in the goods, and their proceeds was an amount sufficient to pay the judgments recovered in the several actions in which the writs of attachment issued were introduced in evidence upon the trial of the action of claim and delivery. In this claim we are of opinion that the defendants are right in effect, since the pretended writ of attachment in the case of Brown & Smith against Hempel was, as we have seen, void, and since the two writs of attachment offered in evidence by the plaintiffs in the action of claim and delivery, and excluded by the court, were issued in actions based upon claims which have since been paid and satisfied without having been put into judgment. The judgments recovered in the actions in which the writs of attachment introduced in evidence were issued having been paid, and the purpose of the attachments as security therefor having been accomplished, why should not the special property acquired by these attachments be held to be extinguished ?

It is said by the plaintiff that this would be to impeach collaterally the judgment recovered in the action of claim and delivery. This position is based upon the idea that the judgment, in determining the amount which the defendant therein was entitled to recover in case possession of the goods could not be obtained, is to be regarded as a determination of the

value of his special property therein. But this idea for reasons already given, is erroneous. The verdict and judgment fixed the full value of the goods, not the value of plaintiff's special property therein, the value of such special property not being at the time of the rendition of such verdict and judgment definitely ascertainable. When it is ascertained by the rendition of the final judgments in the action in which the attachments are issued, if such judgments have been satisfied, it is inequitable that the judgment in the action of claim and delivery should be further enforced.

The case is one in which when law and equity were administered by distinct tribunals, a court of equity would enjoin the further enforcement of the judgment. 2 *St. Eq. Juris.*, *9th Ed.*, §§ 876, *a* 1571; *Paddock vs. Palmer*, 19 *Vt.* 581; *Keighler vs. Savage Manfy. Co.*, 12 *Md.* 383.

Under our practice it is entirely proper to set up this equitable defense in answer to a suit upon the bond given in the action of claim and delivery. *Gen. St.*, ch. 66, § 79. This is not to impeach collaterally or otherwise the judgment rendered in such action. The correctness of such judgment is not called in question, but for reasons occurring after its rendition, it is shown to be inequitable to permit its further enforcement. Nor is this defense objectionable as an answer to the engagement of the defendants by the terms of the bond to pay to the present plaintiff " such sum as may for any cause be recovered" by him in the action of claim and delivery. The bond is not an ordinary obligation voluntarily entered into upon a sufficient and legal consideration, in a matter of private dealing, but it is a statutory bond the purpose of which, as plainly to be gathered from the statute, is to secure legal indemnity to the party from whom goods are taken in an action of claim and delivery. Notwithstanding then the absolute engagement expressed by the literal terms of the bond,

the purpose of the law under which it is executed is sufficiently satisfied when that which the law regards as legal indemnity of the obligee is accomplished.

Judgment reversed.