IGNATIUS F. O'FARRELL *vs.* I. V. D. HEARD & another.

September 29, 1875.

**Warrant of Attachment held Void.**—A document purporting to be a warrant of attachment, issued by a court commissioner in 1865, and signed by him, but not signed by the clerk, or sealed with the seal of the court, was void.

**Same—Title of Purchaser Unaffected thereby, or by Denial of Motion to Vacate.**— The title of a person to whom premises, assumed to be attached upon such pretended warrant, were conveyed after the attachment, was unaffected by the same, or by the fact that a motion to vacate the attachment, made by the attachment debtor, and which does not appear to have been pending when such person acquired his title, was denied, and no appeal taken from the denial.

Action under the statute to determine the adverse claims of defendants to certain lands in Fillmore county in possession of plaintiff, and to quiet plaintiff's title thereto.    The defendant, Howell, answered, denying plaintiff's title, asserting title in fee in himself, and praying that his title be confirmed as against the plaintiff and his co-defendants, and for possession of the land.    By consent of parties the action was referred to John Q. Farmer, Esq., who reported a judgment for the plaintiff, finding the facts substantially as follows : On January 2, 1865, one Burgess conveyed the land in suit to Frederic Wehman, (from whom both parties claim,

as a common source of title,) by deed of that date, but not recorded until February 28, 1866. On May 22, 1865, by deed delivered on that day, but dated February 28, 1865, Wehman conveyed in fee, without consideration, to Molinett. This deed was not recorded until February 28, 1866. On September 24, 1869, Molinett mortgaged the land to C. G. Ripley, to secure payment of $2,900.00, which mortgage contained the usual power of sale, and was recorded on November 20, 1869. On March 25, 1872, this mortgage was duly foreclosed by advertisement and sale under the power, the plaintiff becoming the purchaser. No redemption from the sale was made.

As to the title claimed by the defendant, Howell, the referee found the facts as follows: On January 26, 1865, one Ward and others recovered judgment for $10,212.24, against Wehman, in the supreme court of the state of New York. On May 6, 1865, suit was brought against Wehman in the district court for Fillmore county upon this judgment. On the same day the agent of the plaintiffs in that action made and filed an affidavit for an attachment, in which it was stated that the debt for which such judgment was recovered was fraudulently contracted by Wehman, and that Wehman had secreted, encumbered and disposed of his property, with intent to defraud his creditors. An attachment bond in the usual form, and approved by the court commissioner, was also filed. On this affidavit and bond the court commissioner, on the same day, issued an instrument purporting to be a warrant of attachment against Wehman's property, under the hand of the court commissioner, but without the seal of the court or the signature of the clerk. This warrant was delivered to the sheriff to whom it was addressed, who executed it by attaching the land in suit, and on May 8 served a copy of the warrant and his return on Wehman, and filed a like copy in the registry of deeds of the county, and on May 9 filed the warrant and his return thereon with the clerk of the court. Wehman

having moved to dissolve the attachment, the motion was, on June 28, 1865, denied. On December 3, 1867, the plaintiffs in the attachment suit recovered judgment against Wehman, which was duly docketed on the same day, and execution duly issued, directing the sheriff, among other things, to sell the attached property. Under this execution the sheriff, on December 11, 1868, offered for sale and sold to the defendant, Howell, for $14,492.00, all the right, title and interest which Wehman on May 8, 1865, or at any time thereafter, had in the land in question. The usual certificate of sale was duly made and recorded, and no redemption was ever made from the sale.

Upon the coming in of the referee's report the defendant, Howell, moved the district court for Fillmore county, *Page*, J., presiding, for judgment in his favor upon the findings of fact, and he appeals from the order denying his motion.

*Gilman, Clough & Lane*, for appellant.

The decision of the court refusing to dissolve the attachment is conclusive as an adjudication in favor of its legality and validity, and that question is *res judicata*.

The validity of the attachment proceedings cannot be enquired into in a collateral action, but only in the action where the attachment was had, and only by the defendant in that action, or by some person injured by the attachment. *In the matter of Griswold*, 13 Barb. 412; *Morgan* v. *Avery*, 7 Barb. 656; *Furman* v. *Walter*, 13 How. Pr. 348; *Conklin* v. *Dutcher*, 5 How. Pr. 386; *White* v. *Featherstonhaugh*, 7 How. Pr. 357; *Bank* v. *McKie*, Id. 360. A subsequent attaching creditor, for instance, cannot move to set aside a prior attachment. *Isham* v. *Ketchum*, 46 Barb. 43.

The warrant was correctly issued, and was valid under the then existing statute. Prior to 1866 our statute on the subject of attachments was the same as that of New York, and provided for a *warrant* of attachment, and not a *writ*. Under such a statute it is settled that a warrant of attachment is not a process or writ, but only an order of the

judge, and, therefore, need not be issued by the clerk, nor under the seal of the court. *Genin* v. *Tompkins*, 12 Barb. 265; *Greenleaf* v. *Mumford*, 19 Abb. Pr. 469; s. c., 30 How. Pr. 30. Our court commissioners have the power of a judge in vacation. Pub. St. ch. 7, § 80; Laws 1860, ch. 43; *Gere* v. *Avery*, 3 Minn. 352.

*H. R. Wells*, for respondent.

BERRY, J. Wehman became owner of the land to which this action relates in January, 1865. On May 6, 1865, in an action commenced against him by certain creditors, application was made to a court commissioner for a warrant of attachment. The court commissioner issued a pretended warrant of attachment, the same being a document signed by him as court commissioner, but not signed by the clerk, nor sealed with the seal of the court, or otherwise. Under the authority of this document the sheriff assumed to attach the land in question.

For the reasons assigned in *Wheaton* v. *Thompson*, 20 Minn. 196, the document referred to was, as a warrant of attachment, simply void, and the levy made under it incurably void also. There is nothing in the distinction between the *warrant* provided for under the law in force in 1865 and the *writ* provided for under the law in force in November, 1866, when the pretended writ referred to in *Wheaton* v. *Thompson* was issued; for, if there be any doubt whether the warrant be a writ, there can certainly be none that it is a process, and, therefore, required to be executed in the same way and with the same formalities as a writ, under Pub. St. ch. 57, §§ 12, 13.

On May 22, 1865, Wehman conveyed the land to Molinett, of whose title the plaintiff has become possessed. Subsequently judgment was recovered against Wehman in the action in which the pretended warrant of attachment was issued, and the land sold upon execution to defendant, Howell. Defendant's claim is that the attachment was valid, that Molinett took title subject to the lien created thereby,

and that by the execution sale his title was divested. In other words, as against Molinett, the validity of the sale is based solely upon the validity of the attachment. As we have already determined that the attachment was absolutely void, it follows that the sale in no wise affected Molinett's title.

It is found that sometime during the pendency of the action against him, but whether before or after the conveyance to Molinett does not appear, Wehman moved to vacate the attachment, and that, after the conveyance to Molinett, this motion was denied. It is claimed that this is an adjudication upon the validity of the attachment, and that, no appeal having been taken therefrom, it is a final adjudication. Whatever may have been its effect as to Wehman, or whatever would have been its effect upon Molinett, if it appeared that the motion was pending at the time when he received his deed, we are unable to conceive how this denial could affect him as the case stands. If we are correct in our opinion that at the time when Molinett acquired title the attachment was absolutely void, it follows that Molinett acquired a title which was wholly unaffected by it; or, as it may be otherwise expressed, a title as good as if the pretended warrant had never had an existence. If this is so, it is impossible to see how his title could be divested by the refusal to vacate the void attachment, upon a motion to vacate which does not appear to have been pending when he received his conveyance.

Order affirmed.