## JOHN B. PEARCE *vs.* MICHAEL H. MAGUIRE *et al.*

A grocer's stock in trade was attached and surrendered under Pub. Stat. R. I. cap. 207, § 20, on delivery to the attaching officer of a bond conditioned to be void if the goods should be returned after judgment to satisfy the execution thereon, or if the judgment should be paid.

*Held*, that the bond should be interpreted in the light of Pub. Stat. R. I. cap. 208, §§ 2, 3, permitting the sale of perishable attached goods under an order of court.

*Held*, further, that the condition of the bond was not fulfilled by a tender of part of the goods attached, and of goods purchased to replace goods which had been sold or had perished.

*Held*, further, that if the goods exceeded in value the amount of the judgment, the amount of the judgment would be the measure of damages on chancerizing the bond after breach; but as the value of the goods was less than the judgment, the measure of damages was the value of the goods when attached, with interest from the date of demand made for their return.

DEBT on a bond given to the plaintiff as sheriff of the county of Bristol, under Pub. Stat. R. I. cap. 207, § 20.  Heard by the court on an agreed statement of facts.

*May* 31, 1890.  DURFEE, C. J.  The principal question in this case is, what rule is to be observed in chancerizing the bond in suit.  The plaintiff contends that the defendants are liable for the full amount of the judgment recovered in the attachment suit; the defendants contend that they are at the most liable only for the value of the goods attached, which were surrendered when the bond was given.  The decision of the question depends on the construction to be given to the condition of the bond.  The condition, to state it briefly, is, that the bond shall be void if the goods shall

be returned after judgment to satisfy the execution thereon, or if the judgment shall be paid. The condition has not been performed in either way.

The plaintiff cites, in support of his contention, *Anthony* v. *Comstock*, 1 R. I. 454; *Schuyler* v. *Sylvester*, 28 N. J. Law, 487; *Goebel* v. *Stevenson*, 35 Mich. 172, 178; *Collins* v. *Mitchell*, 3 Fla. 4. These cases differ from the case at bar. In *Anthony* v. *Comstock* the goods attached were surrendered to a receiptor, who agreed to return the goods on demand, or to pay the amount of the judgment recovered. The contract was direct, and the court construed it to be a contract to pay the amount of the judgment if the goods were not returned. The defendants here did not agree directly to return the goods or to pay the judgment, but they agreed in effect to forfeit their bond if they did not either return the goods or pay the judgment, and having neither returned the goods nor paid the judgment, the question is, whether in chancerizing the bond we shall regard the non-return of the goods or the non-payment of the judgment as the ground for damages.

In *Schuyler* v. *Sylvester* the condition of the bond was, that the goods surrendered should be returned to satisfy the execution when duly demanded. They were again attached, so that they could not be returned. They exceeded in value the amount of the judgment. The court held that the amount of the judgment was the measure of the damages.

In *Collins* v. *Mitchell* the condition was, that the bond should be void if the obligor should cause the slaves, which had been attached and surrendered, "to be forthcoming to abide the final order of the court." The slaves were not forthcoming when required, and it was held that the value of the slaves was the measure of the damages.

In *Goebel* v. *Stevenson* the condition was, that the bond should be void if the obligors should return the goods, or *in default thereof* pay the judgment recovered, and the court held that they thereby bound themselves to pay the judgment unless the goods were returned. The court states in its decision that, under the New Jersey statute, the obligor had a right to give either a bond to return the goods or a bond to pay the judgment, and that the bond given showed an election of the latter form. "The peculiarity is,"

said the court, " that, under a bond showing an election to be responsible for the payment of the judgment and that only, a provision is inserted in the condition authorizing the obligors to discharge themselves by producing the property." The bond here has no such peculiarity, unless it is put into it by construction.

We think it is our duty to construe the bond according to its apparent purpose, considering it in the light of Pub. Stat. R. I. cap. 207, § 20,[1] under which the parties agree that it was given. *Welsh* v. *Barrow*, 9 Rob. La. 535; *Baker* v. *Morrison*, 4 La. An. 372. Undoubtedly the amount of the judgment with costs is the measure of the damages, if the value of the goods exceeds that amount; for, if returned, the goods can only be taken to satisfy the execution. *La Crosse & Minnesota Steam Packet Co.* v. *Robertson*, 13 Minn. 291; *Schuyler* v. *Sylvester*, *supra*. Here the value of the goods falls below the amount of the judgment, and if the judgment be taken as the measure of the damages, the sheriff will get much more from a breach of the bond than he could have gotten from the goods if he had never surrendered them. We do not think this accords with said section 20, for that section allows the bond as a substitute for the goods attached. It entitles the obligors to have the goods on giving a bond in double their value, and simply in double their value, no matter how large the judgment may be when recovered. It provides that the bond shall be void

---

[1] As follows : —

Sect. 20. Every officer having goods and chattels attached by him in his custody shall surrender the same, at any time after such attachment and before final judgment, to the person whose interest therein has been attached, or from whose possession they have been taken, upon being tendered a bond by the defendant or some one in his behalf, with sufficient sureties to the satisfaction of such officer in double the value of the goods and chattels so attached, or in the penal sum of the amount of damages laid in said writ, with condition that such bond shall be null and void if, at any time after final judgment in the action in which such attachment shall have been rendered, such goods and chattels shall upon request therefor be, in as good order and condition as when surrendered, returned to the officer taking such bond, or to any officer who shall be charged with the service of an execution levied upon the judgment rendered in such action, unless such judgment shall have been paid, or shall be immediately paid, together with the costs upon such execution, upon the making of such request; or the return of such goods and chattels.

if, after judgment, the goods are returned when duly requested, unless the judgment has been or shall then be paid, treating the payment as matter of discharge rather than of condition, as, *vice versâ*, the return of the goods was treated in *Goebel* v. *Stevenson, supra.* The bond here in suit departs from the letter of the section in one particular. The condition is, that it shall be void if the goods are returned when requested, *or if,* instead of *unless,* the judgment has been or shall then be paid, and the question is, whether the putting of "or if" for "unless" makes any practical difference. It seems to us that, inasmuch as the condition might, in legal contemplation at least, have been performed in either way, it must be held that what the plaintiff loses by its non-performance is what he could have obtained by its performance in the way least onerous for the obligors, the choice being with them, and that the value of the goods is therefore the measure of the damages. In *Bennehan* v. *Webb,* 6 Ired. 57, the court held that a bond simple is to be taken most strongly against the obligor; but a condition annexed, being for his benefit, is to be taken most strongly in his favor. The only argument bearing against this view that occurs to us is, that the goods had ceased to be returnable before the judgment was rendered in the attachment suit, and, when the time came for performing the condition, there was only one way left in which the obligors could perform it, namely, by paying the judgment. The loss to the sheriff from the non-return of the goods is the same, however, whether the cause be the inability of the obligors to return them or simply their refusal, and on the whole it seems to us that, whatever the cause, the same rule must be applied in chancerizing the bond. Indeed, there must be many cases in which the purpose of procuring the surrender of the goods, understood on both sides, is, that they may be used up or sold, so that it will be impossible to return them.

The goods attached were a grocer's stock in trade, and, after the surrender, some of them were sold and replaced by other goods of the same kind and value, and some of them, being perishable in their nature, perished and were replaced in like manner; and when the return was demanded by the sheriff, the rest of the goods attached, together with the goods procured to replace those that had perished or had been sold, were tendered, but the sheriff refused

to accept them. The defendants contend, *first*, that the tender was sufficient; and, if not, *second*, that they are not liable in damages for the goods that perished, their perishing being the act of God. *Metrovich* v. *Jovovich*, 58 Cal. 341, bears on both these points. In that case the undertaking was to redeliver the " attached property " on demand, after judgment for plaintiff, or, in default thereof, to pay its full value. Pending the action, some of it, being fruit, perished, and some of it was sold and replaced by other like goods. There was no redelivery, but the sheriff levied on the defendant's goods, including some of those attached, and sold them. The court held that the measure of damages was the full value of the goods attached " after deducting the amount raised by the sheriff on the sale of what remained of the attached property." In the case at bar we find nothing in the language of the bond which entitles the defendants to discharge themselves by the return of any other goods than those attached. To the second point the defendants cite *Phillipi* v. *Capel*, 38 Ala. 575, and *Haralson* v. *Walker*, 23 Ark. 415. The bonds in these cases were for the return of slaves that had been attached, and, the slaves having died before judgment, the court held that the obligors were discharged, the return having been rendered impossible by the act of God. We do not think that these cases are proper precedents for the decision of the case at bar; since it is agreed that the goods here were perishable in their nature, and it must therefore be presumed that the defendants, when they gave bond for their return, intended to secure themselves from loss by either selling or consuming them. Suppose the goods attached were fifty barrels of apples; could it be held that the bond would be discharged if the obligors allowed them to rot on their hands? The bond should be interpreted in the light of Pub. Stat. R. I. cap. 208, §§ 2 and 3,[1] which author-

---

[1] As follows : —

Sect. 2. Whenever any officer shall attach on an original writ any live animals or any goods or chattels which are liable to perish or waste, or to be greatly reduced in value by keeping, or which cannot be kept without great and disproportionate expense, the court in which the same shall be pending in term time, or any justice thereof in vacation, or the trial justice of any justice court in which such writ shall be pending, may, on the written application of any person interested in such property, cause the defendant and the attaching creditor,

izes a sale of perishable goods attached, on leave granted by the court, and a retention of the proceeds to answer in place of them in case of judgment for the plaintiff.

We give the plaintiff judgment, with damages amounting to the value of the goods attached.

> *Judgment for plaintiff for $194.21, with interest from date of demand, July 19, 1889.*

*C. Frank Parkhurst,* for plaintiff.

*James Tillinghast & Benjamin M. Bosworth,* for defendants.

---

their attorneys or agents, to be notified to appear at a time and place appointed for that purpose, to show cause why the same should not be sold.

SECT. 3. If, after reasonable notice, no person appear, or no sufficient cause to the contrary be shown, the court or justice may direct the officer to sell the same, in the manner prescribed by law for selling goods and chattels on execution; and such officer shall hold the proceeds of such sales, after deducting therefrom the necessary charges thereof, as security to satisfy such judgment as the attaching creditor may recover, in the same manner as if he held the property itself.