## George J. Dorr et al. v. George H. Clark.

An affidavit stating that both defendants in attachment reside in New York, and have not resided in Michigan for three months, will be construed to refer to the defendants, and each of them, and is sufficient.

Since the amendatory act of 1850 (*Comp. L.* § 404), the deputy county clerk has general authority to perform the duties of his principal. And, therefore, an affidavit for attachment sworn to before him is good, though it does not appear that the clerk was absent at the time.

An assignment by the sheriff to the plaintiff of an attachment bond is a thing which the plaintiff may require as a matter of right, and is valid if signed by the sheriff, though not in his name of office.

It is no defense to an attachment bond, on which property has been delivered by the sheriff to the bondsmen, that the property did not belong to the defendants in the attachment, or was encumbered. Parties bonding property under the statute, must take it on the statutory conditions.

*Submitted on Briefs October 15th. Decided October 21st.*

Error to Saginaw Circuit. The case is sufficiently stated in the opinion:

*Webber & Wheeler*, for plaintiffs in error:

1. The affidavit for attachment was insufficient. It may have been literally true, and yet one of the defendants a

DORR v. CLARK.

resident of the state within three months. And the deputy clerk had no power to administer the oath.

2. The assignment of the bond to plaintiff was not sufficient without the official signature of the sheriff.

3. The consideration of the attachment bond was the release of the vessel from a lawful seizure, by one who, had the bond not been given, would have had authority to hold and sell her; and any evidence which shows that the sheriff never had authority to seize her, is admissible, and should be left to the jury. The defendants can make the same defense the sheriff could have made had the bond not been given, and an action been brought against him for not holding the vessel on his attachment. — 11 *Wend.* 106; 15 *Wend.* 251; 22 *Wend.* 155; 4 *Mass.* 498. The evidence is at least proper in mitigation of damages. Defendants might even show title in themselves to reduce damages. — 13 *Pick.* 139; 15 *Pick.* 40; 4 *Metc.* 381; 16 *Pick.* 556; 13 *Mass.* 224; 11 *Pick.* 519. There being no recital in the bond relative to the ownership of the vessel, there can be no estoppel on that ground.

*J. G. Sutherland,* for defendant in error:

Defendants were estopped by their bond from raising questions as to the validity of the proceedings in attachment. The giving of such a bond would estop the defendant in the suit from applying for a dissolution of the attachment. — 3 *Mich.* 18. So would appearance in the cause. — 3 *Mich.* 277. The defendants in this suit can have no better right to question the regularity of the proceedings than the original defendants; their act of giving the bond concludes them. — 11 *Mass.* 317; 2 *Vt.* 209.

Nor can they defend by showing title to the property bonded in a third person. — 17 *Ill.* 404; 3 *Hill,* 215; 8 *Wend.* 610; 15 *Pick.* 40; 8 *N. H.* 238; 12 *Pick.* 557; *Drake on Attach.* § 339. The evidence can not be given in mitigation of damages, for the statute fixes the measure of dam-

ages at the full value of the property, or so much as shall be sufficient to satisfy the judgment recovered.

CAMPBELL J.:

Clark having sued out an attachment against Philo Durfee and Samuel T. Atwater, as absent defendants, the sheriff of Saginaw levied upon a vessel called the Armada, and Dorr and the other plaintiffs in error, gave bond under the statute, in the usual form, to release it from the levy by undertaking to produce the property to satisfy any execution that should be issued on any judgment in the attachment suit. Durfee and Atwater appeared, and pleaded, and judgment went against them. The sheriff assigned the bond to Clark, the property not being forthcoming, and the latter brought suit in the court below. Upon the trial it was objected that the affidavit in attachment was defective in not averring both defendants to be non-residents for the statutory period, and also in being sworn before the deputy clerk. This objection being overruled, it was further objected that the assignment of the bond, by the sheriff to the plaintiff Clark, was void, because not made in his name of office. This objection also was overruled. The defendants thereupon sought to prove that the vessel, when seized, belonged to one Sidney S. Durfee, and that the sheriff was so informed; and that liens were then existing against her to her full value, which Sidney S. Durfee had paid. The court held these facts, if proved, could make no defense to the action on the bond, and directed a verdict for the value of the vessel. Exceptions were alleged and errors assigned for these reasons.

The affidavit states that "the said Philo Durfee and Samuel T. Atwater are not residents of the state of Michigan, and have not resided therein for three months immediately preceding the time of making this affidavit, and that the said Philo Durfee and Samuel T. Atwater reside in the state of New York." It is claimed that this allega-

tion of non-residence is consistent with the fact that either had resided in Michigan within three months. We do not regard this as a legitimate inference from the language used. The averment fairly covers both parties.

It is also objected that the deputy clerk had no right, except in the absence of the clerk, to administer oaths. However this may have been before the statute of 1850 *p.* 54, there is no doubt that statute gave the deputy general authority to perform the duties of his principal. It is unnecessary to decide what his powers would have been without that statute. Under it, he had the power in question, because the clerk had.

We think there is nothing in the objection to the form of the assignment. When judgment has been rendered in favor of a plaintiff in attachment, and a right of action has accrued on the bond, the plaintiff has an unqualified command over the bond, and may use the sheriff's name, or require an assignment and sue in his own.—*Comp. L.* § 4757. The sheriff can not refuse to assign, and the assignment is not a matter of official discretion. We do not regard the formalities of such an assignment as at all essential. Being executed by the right person, and it being his positive duty to execute it, the insertion or omission of his official character can not affect its legal validity. No question was made as to his identity.

We also think the view taken by the court below, of the liability of the defendants below, was correct. The sheriff having seized the Armada as the property of Philo Durfee and Samuel T. Atwater, if any one else owned her the owner might have brought replevin or trespass. But the plaintiffs in error saw fit to avail themselves of a statutory right, and bonded the property. In availing themselves of this privilege, which the sheriff could not interfere with or prevent, they must assume the conditions which the statute imposes. They must give bond either to pay the amount of any judgment recovered, or to produce the property to

7 MICH.—V.

satisfy any execution upon it. — *Comp. L.* §4955. They elected to give bond in the latter form. The consideration for their undertaking was the discharge of the levy, and delivery up to them of the vessel. The statute requires an unconditional agreement.

If they had covenanted to pay the judgment, it could hardly be urged in defence that the property, when attached, belonged to a stranger. The law does not oblige any one to bond such property, and if he assumes, for the sake of obtaining it, to pay the debt, it is his own folly if he do so unwisely. The case is not different where he undertakes to return the attached property. He should not meddle with it until he knows what he can do safely. There is no injustice in the statutory rule. But just or unjust, the statute is peremptory, and admits of no remission. Judgment can be rendered for nothing short of the amount necessary to comply with the condition. Where, as here, it is to return the property to satisfy the execution, the value of the vessel being less than the balance due, judgment was proper for that value. — *Comp. L.* § 4757. This view is sustained by authority. See *Drake on Attachments*, §312 *et seq. and cases cited.* But the statute is so plain that it is not open to construction.

If the defendants below had lost the property by some inevitable accident, and their reception and retention of it had in no way directly or indirectly contributed to its liability to destruction, a question might possibly arise whether the impossibility of producing it would be any excuse for not doing so. When such a case arises, it it will be proper to consider it. But here there does not appear to have been any such difficulty.

The judgment must be affirmed with costs.

The other Justices concurred.