## Peter F. Phansteihl et al. v. Reuben Vanderhoof.

*Debt on attachment bond: Judgment: Comp. Laws, § 4755.* Upon the breach of the condition of an attachment bond, given under § 4755 Comp. Laws, "conditioned for the payment of any judgment which may be recovered by the plaintiff" in the attachment suit, the plaintiff will be entitled to recover the full amount of the judgment, irrespective of the value of the property attached. *Clark v. Dorr,* 7 *Mich.,* 310.

*Heard and decided January 12.*

Error to Ottawa Circuit.

This was an action of debt brought by Reuben Vanderhoof for the use and benefit of Heber Walsh, in the Circuit Court for the County of Ottawa, against Peter F. Phansteihl, Jan Trimpe, and Patrick G. Cheever, executor of Matthias Schmidt, deceased, upon a bond given by Schmidt in his life-time, with Phansteihl and Trimpe as sureties, reciting the issue of a writ of attachment, at the suit of Heber Walsh, against the property of Schmidt, and the seizure of certain goods and chattels belonging to him, and conditioned for payment of any judgment which might be recovered by said Walsh in the attachment suit. The cause was tried before the Circuit Judge, without a jury; the principal question in the controversy being, whether the plaintiff was entitled to recover in this suit, upon the bond, the full amount recovered in the attachment suit, or only the amount of the value of the property attached. The Circuit Judge found for the full amount of the judgment rendered in the attachment suit; and the judgment rendered on the finding comes into this court for review, on writ of error.

*T. B. Church* and *D. Darwin Hughes,* for plaintiffs in error.

*Edwin Baxter* and *John T. Holmes,* for defendant in error.

Cooley, J.

This case is within the ruling of *Clark v. Dorr*, 7 *Mich.,* 310.

The suit was upon a bond given to obtain the release of property attached. The condition of the bond was that the obligors would pay any judgment recovered by the plaintiff in the attachment suit. The plaintiff recovered judgment, and the only question here is, whether the obligors in the attachment bond are liable to him for the full amount of this judgment, or, on the other hand, only to the amount of the value of the property released to them on giving the bond, if that sum is less than the judgment.

Upon the bond alone there could be no question whatever; but the statute—*Comp. L.*, § *4757*—provides that "In case of failure to perform the condition of any such bond, the plaintiff shall be entitled to recover thereon the full value of the property attached, or so much thereof as shall be sufficient to satisfy the judgment rendered on such attachment, with interest and costs." The defendants insist that the plaintiff can only recover the value of the property, not exceeding in any case the amount of the judgment. We think, on the other hand, that he is entitled to recover the amount of the judgment, irrespective of the value of the property.

By referring to *Comp. L.*, § *4755*, it will be seen that the party giving bond had his option either to have it conditioned for the payment of the judgment, or for the production of the property to satisfy any execution that might be issued thereon. He chose to give the bond first mentioned. It can hardly be supposed that the statute would have required from the obligors an absolute undertaking to pay the judgment if their liability was to be conditional. *Section 4757*, before cited, provides the rule of

22 mich.—38.

damages for both these bonds; and this fact presents a reason for the reference therein, to the value of the property. The bond given to produce the property to satisfy an execution, has express reference to its value, and is only to be given in a penalty of twice its value, which may be much less than the demand sued for; but the bond given for the payment of the judgment must be in a penalty of double the amount mentioned in the attachment affidavit; a very singular requirement, if the obligors were in no case to be liable beyond the value of the property attached. There is a reason for this difference in the penalty provided, and we discover that reason in the different condition of the bond. When the statute requires a bond in double the amount in controversy, conditioned for the payment of the judgment, we cannot doubt that its intention was that the obligors should be liable for such judgment.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.