Graves, J.:
This cause comes up from the superior court of Grand Rapids on a case made after judgment on behalf of the plaintiff. It is necessary to refer to previous proceedings in order to understand the matters in controversy. On the 17th of September, 1873, the plaintiff, then Caroline A. Cook, as special administratrix of the estate of Gilbert Cook, deceased, sued out of the circuit court for the county of Kent an attachment against the defendant Stevenson. The writ was based on an affidavit made by one Joseph Cook, and was made returnable on the first Tuesdav of October after its issue. When sued out it was delivered *169 to the sheriff of Kent county for service, and upon it he seized a quantity of Stevenson’s goods and chattels liable to execution, which were duly appraised at two thousand six hundred and twenty-five dollars and seventy cents. A small portion were sold by order of the court as perishable,' and brought eighty-eight dollars and fifty-two cents. The sheriff held the residue under the levy, and Stevenson and the other defendants executed and-delivered to him the following instrument:
“Know all men by these presents, that we, "William P. Stevenson, Moses Y. Aldrich, and William P. Innes, are held and firmly hound unto Isaac Haynes, sheriff of the *county of Kent, in the sum of nine thousand ninety dollars, lawful money, to be paid to the said sheriff or his certain attorneys, executors, administrators, or assigns, for which payment, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, jointly and severally, fiunly by these presents. Sealed with our seals, dated this 9th day of October, A. D. 1873. Whereas.* Caroline A. Cook, administratrix of the goods and chattels of Gilbert Cook, deceased, has sued and prosecuted out of the circuit court for the county of Kent a certain writ of attachment against the lands, tenements, goods, and chattels, moneys and effects of the above bounden William P. Stevenson, directed to the said sheriff, dated on the 17th day of September, and returnable on the first Tuesday following, by virtue of which said writ he (the said sheriff) hath taken goods and chattels, moneys and effects particularly described in the inventory thereof annexed to the said writ, and which were found in the possession of the said William P. Stevenson by the said sheriff at the time of such seizure; And whereas, the said William P. Stevenson is desirous of obtaining the delivery thereof to him by the said sheriff in pursuance of the statute in such cases made and provided: Now, therefore, the condition of this obligation is such that if the above bounden William P. Stevenson, Moses Y. Aldrich, and William P. Innes shall return the said goods and chattels to the said sheriff to satisfy any judgment that may be rendered against the said William P. Stevenson in the srld cause, or in default of returning said goods as aforesaid, if the *170 above bounden William P. Stevenson shall well and truly pay any judgment which shall be recovered by the said Caroline A. Cook, administratrix, as aforesaid, in the suit commenced by the said writ of attachment, within sixty days after such judgment shall be rendered, then this above obligation shall be void, otherwise to remain in full force and effect.
“William P. Stevenson. [Seal.]
“Moses Y. Aldrich. [Seal.]
“William P. Innes. [Seal.]”
*The penal sum mentioned in this instrument is just double the amount specified in the affidavit as due to the plaintiff in the writ, and the proceeding was manifestly intended to conform to the regulations to enable a defendant in attachment to regain possession of attached property without cost and without taking from the plaintiff the benefit of security obtained through seizure of property. — §§ ñlfiQ, 6J¡.10, 6^11, 6J¡.l%t G. L. These provisions are designed for the ease of the defendant, and they contemplate his right, if he so elect, to substitute a bond for his attached property.
The instrument just recited, on being made by Stevenson and the other of the present defendants and delivered to the sheriff, the latter, on their request, accepted it and surrendered the remaining attached property to Stevenson.
Afterwards, and on the 21st of April, 1874, the plaintiff obtained judgment against Stevenson in the attachment cause, for damages, four thousand four hundred and sixty-five dollars, and one hundred and seventy-three dollars and forty-one cents costs of suit, the total amount being four thousand six hundred and thirty-eight dollars and forty-one cents. The court then stayed proceedings until June 14th, and in that month Stevenson removed the cause by case made to this court, and on the 7th of the succeeding month of October we affirmed the judgment of the circuit court and awarded to plaintiff the costs of this court, taxed at forty-four dollars. Meanwhile, and after the expiration of the stay, and on June 17, 1874, the plaintiff took out execution, and on her request the sheriff made demand upon it of Stevenson and the other two defendants herein, of the goods seized on attachment and relinquished *171 to Stevenson upon the writing as before mentioned; but the sheriff afterwards returned such execution unsatisfied on the ground that Stevenson had no property subject to execution. After the affirmance in this court and the remission of the cause and on the 20th of October, 1874, the plaintiff took out and gave to the sheriff for service a second execution, and the officer, at plaintiff’s request, again demanded of Stevenson *and the other defendants herein the attached property so surrendered to Stevenson; but this execution was also returned wholly unsatisfied for want of property. These demands of the officer for the attached property which had been given back on the request of Stevenson and the other defendants herein on the execution and delivery of the penal instrument before recited, were successively followed by requests by plaintiff of all the defendants herein of payment of the judgment in attachment and costs, and they respectively refused to pay more than the value of such goods and interest upon it. No part of the attached goods released on the giving of the writing have been returned, and the judgment in attachment has remained wholly unpaid and in force, and the court below finds that under the affirmance here in 1874 the amount is four thousand four hundred and sixty-five dollars, with interest thereon from April 21, 1874, the costs in the circuit court, taxed at one hundred and seventy three dollars and forty-one cents, less eighty-eight dollars and sixty-two cents received as proceeds of perishable property sold, with interest on the balance from May 5, 1874, and costs given in this court, taxed at forty-four dollars, with interest thereon from October 20, 1874.
In connection with the other facts, it is also found, that the defendants are willing to pay the value of the goods surrendered, with interest from, date of demand; that on the 10th of December, 1874, the sheriff duly assigned to plaintiff the instrument in question, on which Stevenson regained the atts ^bed property; that the same was so assigned for her benefit as administratrix. Subsequently, and in the same month, she commenced this suit against the three makers of that instrument jointly. It was commenced by declaration and the *172 sheriff made return of personal service, on the 15th of December, 1874, on both Innes and Aldrich, but certified nothing in regard to Stevenson. Innes appeared and demurred, and Aldrich pleaded the general issue. An amended declaration was then allowed to be filed, and to this both these defendants pleaded the general issue.
*At this stage of the case it was stipulated between plaintiff and defendants Innes and Aldrich that the cause should be transferred to the superior court of Grand Rapids on filing the stipulation with the clerk of the circuit court, and without any bond or petition for transfer, and that on filing a copy of the stipulation, with certified copies of the pleadings and proceedings of the circuit court, the cause should be entered at the foot of the calendar of the superior court and tried without jury on five days’ notice. This stipulation was filed by plaintiff’s attorneys and those for Aldrich, but by Innes in person. Stevenson appears to have had no part in this proceeding. The cause henceforth proceeded in the superior court. Subsequently, and at a term of the superior court held on the 9th of December, 1875, the cause was brought on for trial, and after producing part of her evidence, the plaintiff moved an amendment of the sheriff’s return in this cause to make it express whether service was made or not on defendant Stevenson, and if not, the reason therefor, and thereupon the court granted the motion, on condition that the amendment should be made instanter, and that plaintiff’s attorneys should serve upon defendants’ attorneys a copy of such amended return, and that defendants’ attorneys should be allowed upon such service certain specified liberties, and that the trial should be continued over the term. An amended return was thereupon made by the sheriff, in which he certified that at the time he made service on Innes and Aldrich he made diligent search and inquiry for the defendant William P. Stevenson and could not find him within the county of Kent, and that on further search and inquiry he ascertained that said Stevenson, at the time of said service, was not a resident of this state, but resided in the village of Attica, in Indiana. This additional return was made and filed on the 10th of De *173 cember, 1875. On the 15th of that month, the defendant Aldrich moved to strike from this amended return so much thereof as did not recite acts of official duty, and also for leave to plead or demur to the declaration, as' it should by the additional *return be finally amended, as such defendant might be advised or as to the court might seem legal and proper. This motion was heard on the 27th of December, 1875, and the court denied so much of it as related to the striking out part of the amended return, but gave defendant leave to supplement his notice under the general issue with special matter to raise and try the question of proper joinder or non-joinder of defendant Stevenson; and thereupon Aldrich, by his attorneys, added to his notice that on the trial of the cause he would give in evidence, and insist in bar of any recovery by the plaintiff, that defendant William P. Stevenson was a proper party defendant to be joined, and that for want of his being properly joined the plaintiff ought not to recover against the others. The cause came on again for trial on the 23d of February, 1876, when the attorney for defendant Innes objected to the introduction of any evidence, on the ground that such defendant had not pleaded to the last amended declaration, and the court then allowed plaintiff to amend her declaration, and struck the case from the calendar. The declaration having been amended, the defendant Innes pleaded the general issue with notice of special matter.
After some other proceedings which need not be here specified, the cause was again brought on for trial on June 20, 1876, before the court sitting without a jury, the defendants Innes and Aldrich appearing by different counsel, but defendant Stevenson not appearing. And the trial was then proceeded in to a conclusion, and on the 23d of June, 1876, written findings of facts and law were made and filed by the court. On the 29th of June, however, the court made and filed a supplementary finding, atthe request of counsel for defendant Aldrich, and afterwards refused to strike it from the files, when moved to do so by plaintiff’s counsel. Judgment was entered for the plaintiff, against all three defendants, that she recover her damages, and which were restricted to the amount of the ap *174 praised value of the property attached, with interest from the 11th of June, 1814, *less certain deductions specified, and among them the sum of eighty-eight dollars and fifty-two' cents, received on sale of perishable goods. The plaintiff, claiming that the superior court erred in holding that the instrument sued on would not permit recovery beyond the appraised value of the attached property, has brought the cause here for re-examination. The defendants seem to have been content with the result in the court below. They had all along in different ways proclaimed their willingness and readiness to satisfy the plaintiff’s claim on the writing set up, on the basis that the appraised value of the' attached goods which were re-delivered was the limit of their liability. The actual existence of liability to some amount they appear to have conceded as matter of fact. But the ground is now taken on behalf of Innes and Aldrich that the plaintiff could not have been wronged, for the reason, first, that the affidavit for attachment in the first cause was void, and hence the writ was invalid and did not authorize the sheriff to take the goods at all; and, second, that the proceedings for transferring this action to the superior court conferred no jurisdiction on that tribunal.
First as to the objection concerning the affidavit, yhe writ was personally served on Stevenson, and there is nothing to show that he ever questioned the sufficiency of the affidavit. After judgment in that action was given against him in the circuit court, he removed the cause here, and we affirmed the judgment.— Cook v. Stevenson, 30 Mich., 242.
Moreover, soon after seizure on the attachment and before any trial, and so far as appears, without any attempt to avoid the seizure by summary proceeding, Stevenson applied to the sheriff to relinquish the goods on bond, and thereupon, with Innes and Aldrich, gave the instrument in suit in order to regain the property, and in this he acted as though the property had been taken on a valid writ. He succeeded. He got the property on the strength of it. The proceeding was a plain intervention in that suit, and *there is no finding or any presumption that it was not done freely *175 and spontaneously. — Paddock v. Matthews, 8 Mich., 18; Dorr v. Clark, 7 Mich., 310; Andre v. Fitzhugh, 18 Mich,, 93; Phansteihl v. Vanderhoof, 22 Mich., 296. Again, the.stipulation to remove this cause to the superior court expressly stated that the attachment suit was commenced in “due form of law.”
Whether, therefore, the affidavit was by itself good or bad, is not now a question open to either of these parties in this suit. The final judgment in this court, the proceedings to get the property out of the sheriff’s hands, and the stipulation for removal, foreclose inquiry on this point in the present action. —Hawes v. Marchant, 1 Curtis C. C. R., 136; Petrie v. Feeter, 21 Wend., 172; Hendrick v. Whittemore, 105 Mass., 23; People v. Falconer, 2 Sandf. S. C. R., 81; Decker v. Judson, 16 N. Y. 439; Shaw v. Tobias, 3 Comst., 188; Prentiss v. Holbrook, 2 Mich., 372; Sinclair v. Murphy, 14 Mich., 392, Lothrop v. Southworth, 5 Mich., 436; Crane v. Hardy, 1 Mich., 56.
As to the second objection. There is no question as to the jurisdiction of the superior court concerning the subject matter of this cause. The point must be confined to jurisdiction of person. The transfer was by agreement of record. Both courts acquiesced. Aldrich and Innes entered into it voluntarily and freely. That it was executed by Innes in person rather than by attorney is no ground of objection. If strict practice required it to be done through his attorney, which we do not admit, it is sufficient that it was afterwards acknowledged and acted on as regular. The essence of this point seems to be that Stevenson was not represented. We think this objection is without force.
The actual parties gave the cause to the superior court and the circuit court acquiesced, and the superior court accepted the action.
They went in and were recognized as standing there as masters of the litigation, and the court took full cognizance of the cause. The superior court had all the jurisdiction *over the cause which was possible, except as to Stevenson, who had not been served and had not appeared. It had all the jurisdiction in fact that the circuit *176 court held previously, unless the commencement of the cause there gave that court an authority concerning the party not notified and not appearing which no other court could get by transfer unless the absentee should cease to be one and take part by consent. Stevenson could not be personally represented so long as he stood out, and he could no more be bound by a transfer on petition and bond, in his absence from the case, than by stipulation. Now the court got jurisdiction oí Aldrich and Innes by their agreement and submission, and they cannot be heard to complain, and Stevenson makes no complaint. The superior court is held where the circuit court is, and there can be no presumption that one is more likely than another to proceed justly and fairly. The law supposes that each will act properly. There is no chance for saying that any prejudice could possibly arise to Stevenson.
His rights cannot be taken away by a formal judgment against him as a joint debtor not served and not appearing, and so long as he stands out and makes no claim of injury, Aldrich and Innes are not at liberty to say that their submission without him is bad as to him, and being so, is hence bad as to them.
My own view is, that Stevenson’s relation to the action is wholly unchanged by the change of forum caused by the act of the real parties, and that the whole cause was actually transferred. As Stevenson was not brought in and had not appeared, he has never, strictly speaking, been a party in the cause at all, but merely a joint debtor with others who are parties in the cause. In naming him, a door was left open to let him in or bring him in, in case of reasonable opportunity, but he has not been brought in and has not come in. He cannot be personally bound, and notwithstanding the passage of judgment for the plaintiff he will remain entitled to contest his liability on the original claim. — Bonesteel v. Todd, 9 Mich., 371, and cases cited. *Such a judgment can have no personal validity against him. Unless he elects to come in he cannot take part in the action. Is it true, then, that because the plaintiff has named him as a defendant but has not notified him and he has not appeared, those the *177 plaintiff has joined with him must he deprived of all right to change the venue or shift the forum ? In such a state of things must those served he precluded from all right, however strong the grounds or urgent the occasion, to sue for another tribunal ?
I cannot think so. Our joint debtor act was borrowed from New York, and long before we copied it in its present form it was held, in Pardee v. Haynes, 10 Wend., 631, that the joint debtor served might confess judgment and bind the joint property, and this was afterwards cited with approbation in St. John v. Holmes, 20 Wend., 609, and in Waring v. Robinson and others, Hoffman’s C. R., 524. This was going very far beyond anything claimed here. But the proposition that the debtor served cannot shift the action to another tribunal seems to me opposed to every idea of correct judicial procedure. Those who are really parties — those who have been served or notified in some way or have voluntarily appeared so as to bring them within the power and authority of the court — have the exclusive right to be heard in regard to steps concerning the place of trial, and those who keep aloof are not recognized, and there is no good reason for making an invidious and unjust exception against the defendants served in joint debtor cases. The absent debtor cannot be prejudiced by the rule, whilst the refusal to apply it may work great injustice to the others.
Nothing in the joint debtor act or in that for organizing the superior court has been pointed out or has been perceived to preclude transfers by stipulation as well as by petition. It was suggested, but not pressed, that the act concerning joint debtors would not apply to obligations both several as well as joint. We think this is not so. The act refers to cases where persons are jointly indebted upon any joint *obligation, contract or liability, and when such is the case the act applies, notwithstanding the form and nature of the obligation will permit the creditor to proceed against one alone.
We come now to the main question, and that is, what is the *178 true measure of recovery upon the obligation, if a recovery for any sum is admissible.
The statute (§ 6J¡.10, G. JO.) gives a defendant in attachment who seeks a release of his property an election to give security by bond for the payment of any judgment which may be recovered against him or to give security by bond for the production of the property to satisfy any such judgment.
If he elects to secure payment of the judgment, then he is to give a bond in a penalty of double the amount specified in the affidavit annexed to the writ. But if he elects to secure production of the attached property, then he is to give a bond in a penalty of double the amount of the appraised value of the property. Here but one bond was given and that was for just double the sum specified in the affidavit. It was therefore the kind of bond proper upon an election to secure the payment of the judgment, and not the kind proper on election to secure production of the property.
The condition, however, stated that this bond might be satisfied by production of the property, or in case that should not be done, then that it might be satisfied by payment of the judgment. The peculiarity is, that under a bond showing an election to be responsible for the payment of the judgment and that only, a provision is inserted in the condition authorizing the obligors to discharge themselves by producing the property. Now the obligors have declined to do either of these things, but have- avowed their readiness to perform a third act, not expressed at all, in discharge of the obligation, and the court below has sanctioned this view.
The insertion of the clause concerning the production of the property could not avoid the bond. Nothing was intended *against law or to the prejudice of the obligors. On the contrary, if the first alternative ever had any force under this bond to secure the payment of the judgment, it was in ease of the obligors, and it was for them to perform it or offer to perform it if they would insist upon its sufficiency to discharge the bond. If they had offered to produce the property to cancel the obligation and the plaintiff had refused, then a question as to its effect by way of their *179 exoneration would have been raised. But this they have not done.. They have neither complied nor offered to comply with it, but have left it as an impertinent provision. There seems, then, no reason for saying that the second provision, which is strictly applicable to the bond, is not binding at all, and that the obligation may be dischax-ged by doing something not prescribed anywhere and not applicable to the bond.
There is nothing to cause controversy concerning the irrelevant provision. Nothing is or can be claimed under it, whatever force it might have had if defendants had acted upon it. As it could not invalidate the bond and no advantage has been taken of it, the legal right must rest upon the other provision, which is appropriate to the bond the defendant in attachment elected to give. In short, the plaintiff is entitled to recover the amount of the judgment or nothing, and we think the instrument given by the defendants is clearly obligatory for such amount. — Dorr v. Clark, 7 Mich., 310; Phansteihl v. Vanderhoof, 22 Mich., 296.
The sum to be satisfied according to the finding is made up of the damages in the attachment case, four thousand four hundred and sixty-five dollars, with interest from April 21, 1874, eighty-four dollars and eighty nine cents, being balance of costs in the attachment suit in the circuit court after deducting the proceeds of sale of perishable property, and interest on such balance from May 5, 1874, and also the costs in this court on the affix-mance of the judgment in the attachment cause, being forty-four dollai's, with interest thereon from October 20, 1874. The judgment below must be revei’sed and judgment entered for the plaintiff here *in form against all the defendants, to be enforced only as provided by law in case of joint debtors, and the plaintiff will recover costs in this court.
The other justices concurred.