HAIN *v.* NEWELL.

ATTACHMENT — STIPULATIONS — RESERVATION OF RIGHT TO MOVE DISSOLUTION—JURISDICTION.

Where plaintiffs commenced an action by attaching certain of defendant's property, and after judgment in their favor, the court granted defendant a new trial on condition that a bond be given to protect plaintiffs' claim and also to relieve them from expense in caring for the attached property, which bond was given under stipulation by counsel that the right to attack the validity of the attachment including the right to move to dissolve the attachment were reserved to defendant and not waived by the giving of said bond, the court was not thereby deprived of jurisdiction to entertain defendant's petition for dissolution of the attachment.

Certiorari to Newaygo; Barton (Joseph), J. Submitted October 10, 1922. (Docket No. 70.) Decided June 4, 1923.

Assumpsit by Garrett E. Hain and another, copartners as the G. E. Hain Company, against Melvin Newell upon certain promissory notes. From an order granting a motion to dismiss defendant's petition to dissolve an attachment, defendant brings certiorari. Reversed and remanded.

*Clare J. Hall,* for appellant.

*White & Reber,* for appellees.

STEERE, J. On October 24, 1921, plaintiffs commenced an action against defendant in assumpsit by a writ of attachment personally served and levied on certain of defendant's property valued at about $1,500.

The action was brought to recover on two promissory notes, one given for a balance on purchase price of a Fordson tractor and the other for certain repairs and material. Plaintiffs also held a chattel mortgage on the tractor given by defendant to secure the first note. The chattel mortgage contained the usual clause authorizing plaintiffs in case of defendant's default to take possession of and sell the property at public sale. The defense interposed by defendant was that he had surrendered to plaintiffs the tractor in consideration of their canceling and delivering back his notes. On February 6, 1922, the case was tried and judgment rendered on directed verdict in favor of plaintiffs for the sum of $604.50, being the undisputed amount due upon the two notes if still unpaid as plaintiffs claimed. In directing a verdict the court held that the agreement testified to by defendant, if true, was invalid for want of consideration.

On February 22, 1922, defendant filed a bond for stay of proceedings to move for a new trial or settle a bill of exceptions, and on March 8, 1922, entered a motion for a new trial. This motion was heard on March 13, 1922. The court then expressed doubts as to the former order directing a verdict being well founded and intimated that a new trial would be granted upon defendant giving a bond to protect plaintiffs' claim. Plaintiffs' counsel then advised the court that after seizing the property under his writ of attachment the sheriff left it in possession of defendant, taking his receipt therefor and arranging with him to care for the same, and render to the sheriff his bill for so doing; that the expense of caring for the property, consisting partly of live stock, was considerable and urged something should be done to relieve that situation. Defendant's counsel stated in answer to an inquiry from the court that his client could give a bond, but he desired to move for dissolu-

tion of the attachment and feared the giving of an unconditional bond might deprive him of that right. It was then proposed that under the circumstances the bond required of defendant should contain a proviso reserving his right to move for dissolution of the attachment and suggested that they agree upon the wording of the reservation. Copy of a proposed reservation was prepared by defendant's counsel and submitted to plaintiffs' counsel, which after some changes was agreed to. The court then, on March 13, 1922, made and entered an order granting defendant a new trial, requiring as a condition to granting the same that defendant give a bond in the sum of $1,209 "for the purpose of releasing certain property held by the sheriff" under his writ of attachment, saying further:

"This condition is imposed for the purpose of saving and avoiding all further expense in the keeping and feeding and caring for the property held under said writ of attachment, and said bond shall contain the following condition and reservation:

" 'All rights which the defendant had to attack the validity of said attachment proceedings including the right to move to dissolve said attachment are hereby reserved to him and not waived notwithstanding the giving of said bond, but in the event that defendant should commence proceedings against said plaintiffs for damages growing out of said attachment proceedings he shall be limited to the period between October 24, 1921, and February 6, 1922.' "

A bond was thereafter filed by defendant, followed by a petition for dissolution of the attachment, and asking the court to set aside that portion of the order granting a new trial which required the giving of a bond, and to declare the bond of no effect, because the attachment proceedings were invalid and there was no reason for giving the same.

The bond, dated March 13, 1922, contains the following recitals and conditions:

"BOND ON APPEAL.

(Customary form of introduction and recitals.)

* * * "and whereas Melvin Newell, the. defendant in said writ, desires to release said property from said attachment and have the same delivered to him, pursuant to statute.

"Now, therefore, the condition of this obligation is such that if the above bounden principal. and sureties shall well and truly 'pay any judgment which may be recovered in the suit commenced by said writ of attachment, in favor of said plaintiffs and against said defendant, within 60 days after such judgment shall be rendered' then this obligation to ·be void, otherwise to remain in full force and virtue.

"All rights which the defendant had to attack the validity of said attachment proceedings including the right to move to ·dissolve said attachment are hereby reserved to him and are not waived notwithstanding the giving of said bond, but in the event that defendant should commence proceedings against said plaintiffs for damages growing out of said attachment proceedings he shall be limited to the period between October 24, 1921, and February 6, 1922."

On June 7, 1922, when defendant's petition came on for hearing, plaintiffs' counsel orally moved for dismissal of the same for the reason that the court had no jurisdiction to entertain it. After some discussion the court held that an order would be made granting said oral motion to dismiss. Defendant's counsel then urged that in such case "this thing be put back where it was on the 13th of March when this motion for a new trial was presented," and inquired, "Does your honor hold that the condition in that bond is of no avail to us?" To which the court replied, "Technically, I think I must do that." Counsel then said:

"I presume it must be by formal motion. But at this time I want to make formal application to the court to put this thing back *in status quo,* because we would never have given that bond if we had known we could never have presented our petition for the

dissolution of the attachment. We feel our rights have been jeopardized."

In reply to the court's inquiry, counsel said a week would be sufficient time to present a formal motion. In a further discussion the court said counsel might fix the time, which would be granted if reasonable, but announced in that connection:

"The court admits he might have made a technical mistake in the manner in which he required the thing to be done, but as I see it now, I can't cure that mistake by making another one."

The court then, upon June 7, 1922, made and entered a formal order granting plaintiffs' oral motion to dismiss defendant's petition to dissolve the attachment on the ground—

"that a bond having been filed by the defendant for the release of the property attached, and said property having been released to said defendant from the attachment, this court is without jurisdiction to hear a petition for dissolution of the attachment in the above entitled cause."

Defendant's counsel then obtained from this court a writ of certiorari to test the validity of said order.

This litigation appears to have developed into a technical contest between the parties in avoidance of the merits of the case. Plaintiffs are protected in any judgment they may secure by an adequate bond signed by sureties whose responsibility has not been questioned. Though the property attached was technically seized by the sheriff, defendant has in fact had the custody and possession of it from the beginning, at first under an arrangement with the sheriff, it is true, but his actual possession and use of it has not been disturbed. Dissolution of the attachment does not necessarily abate the action or release the bondsmen. The simple, direct and expeditious way to either relieve this property from the claimed attach-

ment lien, or to realize on the claimed indebtedness is to try this case on its merits. In this proceeding, however, we are confronted with the purely legal question of whether, in the face of the condition embodied by consent of parties in the order granting a new trial reserving all existing rights to plaintiff to move to dissolve the attachment, the trial court was technically compelled to refuse to entertain said motion. With the merits of defendant's motion to dissolve or of the main issue in the case this court is not interested in this proceeding, and arguments in counsel's briefs on that subject call for no consideration.

Against defendant's claim of reserved rights under agreement of counsel, approved by an order of the court, plaintiffs urge that by giving bonds as the record shows defendant deprived the court of all jurisdiction to entertain a motion to dissolve the attachment. In support of their contention counsel cite *Paddock* v. *Matthews*, 3 Mich. 18, and other cases sustaining that general rule, and further urge as controlling that while the court's order required a bond "for the purpose of relieving certain property held by the sheriff," as provided for in section 13043, 3 Comp. Laws 1915, which requires production of the property in like condition as when received to satisfy any execution issued on any judgment plaintiffs may recover, yet defendant saw fit to give a bond to pay any judgment which plaintiffs might obtain against him. The purpose of a bond in either form is to secure plaintiff in the collection of any judgment he might obtain. This bond is in twice the amount of the judgment set aside and amply protects plaintiffs under any possible judgment within the limits of their claim.

Their total claim, including interest, as the court found was $604.50, being balance due on the price

of a tractor, including some repairs and material, amounting in the first instance to something over $1,300. Defendant had paid some $600 on the purchase price and then returned the tractor to plaintiffs in consideration of their canceling his notes, as he claimed and plaintiffs denied, which was the controlling issue in the case. In discussing and granting plaintiffs' motion to dismiss defendant's petition for dissolution, the trial court made plain the purpose for which a bond was ordered, saying in part:

"In this case, the court was anxious to give the defendant in this case an opportunity for retrial, it appearing to the court that justice had not been done in the previous trial upon the merits.

"It also appeared to me that there was a considerable inconvenience to all of the parties concerned; in other words, the sheriff was being inconvenienced by the manner in which it became necessary to hold the property, and it was piling up expense.

"Now, to relieve those two situations, the court insisted that bond ought to be given, and he did that for, as I have explained, two purposes: To stop the expense, and relieve the awkward situation."

It was plaintiffs who asked relief from the awkward situation and cost the sheriff was incurring at their instance in having the attached property cared for at their immediate and possibly ultimate expense. By the bond given and condition stipulated into it they secured among other benefits protection from liability for any expense in keeping, feeding and care for the property after March 7, 1922, and a provision limiting defendant to damages sustained by him between October 24, 1921, and February 6, 1922, in case they failed to recover in their action. Not only was the purpose of the court's order met, but the bond given was more comprehensive than a strict compliance with the requirement of a bond to produce the property attached to satisfy

any judgment plaintiffs might obtain. In the latter case production of the property attached for that purpose would relieve the bondsmen, whatever the value of the property seized, while the bond given to pay such judgment held them for its full amount. *Phansteihl* v. *Vanderhoof,* 22 Mich. 296; *Goebel* v. *Stevenson,* 35 Mich. 172. The bond in this case was given to relieve a peculiar and awkward situation, at the instance of plaintiffs, under a condition by stipulation of parties embodied in an order of the court that it should not prejudice defendant's rights to petition for dissolution of the attachment. In disposing of the question raised by this writ we do not deem it necessary to follow counsel through their discussion of attachment technicalities. In the *Paddock Case* and others of similar import, the bond releasing attached property was given voluntarily, with the parties standing at arms' length on technicalities, and without stipulation or order of the court reserving any rights to either party.

This suit in assumpsit with its ancillary attachment was within the general class of cases the court had unquestionable jurisdiction to hear and determine. It had acquired jurisdiction in this case with full power and authority to hear and determine all material issues which might arise in its disposition, including a petition to dissolve the attachment. Cases cited by plaintiffs' counsel to the effect that jurisdiction over a subject-matter cannot be conferred by waiver or consent upon a tribunal from which the law has withheld it are not in point. The question here is one of reserving jurisdiction with which the court is already vested, not acquiring it. This court had original jurisdiction to hear and determine a petition for dissolution of the attachment. All courts of general jurisdiction have inherent power to make and protect relevant interlocutory orders and to do all in-

cidental things which seem reasonably necessary for the administration of justice and efficient exercise of their functions within the scope of their jurisdiction.

"Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will." 7 R. C. L. p. 1034.

In the progress of this case the court found it expedient to grant a new trial under such circumstances that it was deemed wise to require a bond from defendant to stop expense caused by the delay, and to relieve an awkward situation. The court so ordered, expressly limiting the effect of the bond and retaining, with approval of parties, jurisdiction to entertain defendant's petition for dissolution. Under such circumstances the court was not deprived of jurisdiction by defendant complying with the order. Neither under the stipulation of parties and the possible benefits accruing to plaintiffs from the bond given are they in a position to deny the court's jurisdiction. It was the duty of the court to hear and decide the petition, which is the only question before us. The merits of the application or what the results of such hearing should be this court is not here concerned with.

The refusal of the court to entertain the petition is therefore reversed and the case remanded for further proceedings in accordance with this opinion.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, J., did not sit.