Guthrie v. Humphrey.

GUTHRIE *v.* HUMPHREY.

In an action before a justice of the peace, a party cannot appeal from the verdict of a jury, and thus give the court jurisdiction of the cause.

Upon the rendition of the verdict of a jury, it is the duty of the justice of the peace to enter judgment forthwith ; and he has no power or authority to enter judgment after that time.

A judgment upon the verdict of a jury, rendered by a justice of the peace, after the time limited by law, has no force or efficacy, and the

case stands, for the purpose of an appeal, as if no final judgment had ever been rendered.

Where a judgment has been rendered by a justice of the peace, on the verdict of a jury, after the time limited by law, the district court possesses no power to allow an appeal from such judgment, under section 1576 of the Code.

*Appeal from the Louisa District Court.*

TUESDAY, OCTOBER 19.

This action was commenced before a justice of the peace. Trial and verdict in favor of plaintiff, on the 10th of May, 1855. On the 28th of that month, defendant perfected his appeal to the district court. At the October term, 1856, defendant filed his motion to dismiss the case, for the reason that no judgment was entered by the justice. At the same term, a rule issued to the magistrate, to correct his transcript. To this rule, the justice made his return, showing a judgment following the verdict. It appeared, however, that the judgment was entered on the 12th day of March, 1857; and on the 25th of that month, an order was made dismissing the cause, and allowing the defendant to take an appeal by filing his bond in the sum of one hundred dollars, with sureties to be approved by the clerk, and that the transcript on file stand as the transcript in the case. This bond was filed within less than twenty days, from the time the judgment was in fact entered on the docket by the justice, but near two years from the time the verdict was rendered. In August, of that year, plaintiff moved to dismiss the appeal, for the reason that it was not taken within the time prescribed by law. This motion was sustained, and the appeal dismissed. Defendant appeals.

*Starr, Phelps & Robertson,* for the appellant.

*H. O'Connor,* for the appellee.

WRIGHT, C. J.—That the defendant could not appeal from the verdict of the jury, and thus give the district court

Guthrie v. Humphrey.

jurisdiction, is admitted by both parties, and undeniable under the Code, and the decisions of this court. Code, sec. 2328; *Kimble* v. *Riggin*, 2 G. Greene, 245; *Brown* v. *Scott*, Ib, 454.

The main question is, whether defendant could appeal from the judgment as entered by the justice, March 12th, 1857, by filing his bond, and perfecting his appeal within twenty days thereafter. We think not. The justice, at that time, had no power or authority to enter the judgment.

When the verdict was received, it was, under the Code, his imperative duty to enter the judgment forthwith, and in on case is he allowed more than three days within which to enter judgment, after a cause has been submitted to him for final action. Code, sec. 2306. If he fails to enter his judgment forthwith, after the rendition of the verdict, the party entitled to it, might perhaps compel him to perform his duty by *mandamus,* or might sue and recover his damages for such neglect of duty. If he does enter it at a time not allowed, the party against whom it is entered, might have the proceedings reversed by writ of error, and perhaps be relieved in other methods, but he cannot appeal, for the case stands as if there had been no judgment—nothing beyond the verdict of the jury. An appeal lies from the final judgment of the justice, (Code, sec. 2328); and as no judgment could be rendered, having any force or efficacy, or binding any person, after the time limited by the express language of the law, (*Brown* v. *Scott*, 2 G. Greene, 454), the case stands in legal contemplation, and for the purposes of an appeal, as if no final judgment was rendered.

The action of the district court in allowing the appeal at a previous term, cannot aid the defendant. It was error to allow it, and the sooner it was corrected the better.

It is suggested that the appeal was properly allowed, under the power given to the district court to exercise a supervisory control over inferior tribunals, to prevent and correct abuses, where no other remedy is provided.

The defendant has, however, as we have seen, other rem-

edies, and if he did not have, this is not one of the abuses contemplated by that section.

The order dismissing the appeal is affirmed.