## MOORE v. MANSER.

1. JUDGMENT ENTRY BY JUSTICE. Where a justice's transcript, after reciting the verdict of the jury, continued: "and judgment was entered by me thereon accordingly;" *Held*, that this entry, though informal was a judgment or final adjudication within the meaning of section 2328 of the Code, from which either party may appeal.
2. WHOLE RECORD CONSIDERED. In determining a question of fact by the record of proceedings in a justice's court, the whole record must be considered together.
3. SAME. When an entry in the transcript showed that the appeal bond was filed and approved on the 25th day of March, two days after judgment was rendered, notice of appeal was served on the 27th day of the same month, and the transcript was filed in the office of the clerk of the District Court on the 29th of April, but the bond was endorsed as filed and approved on the 27th day of May. *Held*,

    1. That the Justice was not required to make the endorsement on the bond, and was required to make the entry on his docket, and that the latter must govern.

    2. That the record showed that the appeal was perfected within twenty days after judgment was rendered.
4. APPEAL BOND APPROVED AND ATTESTED: An appeal bond equivalent to the form given in section 2333 of the Code is sufficient. A substantial compliance with the requirements of the statute is all that is necessary in attesting and approving the bond.
5. *Stowers v. Milledge et al:* 1 Iowa 150 cited and approved.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 14.

The appeal of the plaintiff, from what he claims was the judgment of a justice of the peace, was, on defendant's motion, dismissed in the District Court. The only question made in the brief of counsel is, whether the appeal was properly dismissed. The material facts sufficiently appear from the opinion of the Court.

*Templin & Fairall*, for the appellant.

*Clark & Brother*, for the appellee.

WRIGHT, C. J.—The motion to dismiss the appeal, was based upon two grounds:

*First.* That there was no judgment before the justice, from which an appeal could be taken.

*Second.* No appeal was allowed, or bond filed, within the time required by law, nor was there any bond accepted, attested or approved by the justice.

The justice's transcript recites the cause of action, the names of the parties, the time of trial, and in a word, substantially all that is required to be set forth in his docket, by section 2269 of the Code, up to the verdict of the jury, and the judgment thereon.  As to these, the entry is this: "The jury ver.  We, the jury, after due deliberation in the case wherein Thaddeus Moore is plaintiff, and John Manser is defendant, do find that the plaintiff is entitled to the sum of twenty-seven dollars and a half, and costs of suit, and judgment was entered by me thereon accordingly."

We think this was a judgment or a final adjudication; within the meaning of section 2328 of the Code, from which either party might appeal.[1]  The case comes within the rules recognized in *Stowers* v. *Milledge et al*, 1 Iowa, 150.  It is unlike the case of *Kimble* v. *Riggin*, 2 G. Greene, 245, where there was no judgment, nor any attempt to enter one.  It differs also from *Guthrie* v. *Humphrey*, 7 Iowa, 23, in which the judgment was a nullity, for want of power to enter it at the time.  In this case there is no question as to the power, and there is an attempt to en-

---

1  *City of Dubuque vs. Rebman* 1 Iowa 444: *Griffin vs. Moss*, 3 Ib. 261: *Kimpson vs. Kimpson*, 4 Ib. 340.   An appeal lies from a judgment of nonsuit rendered by a justice of the peace.  *Gibson vs. Johnson*, Ib. 463.  Also from a judgment by confession, *Troxel vs. Clark, infra.*  An appeal will not lie from the verdict of a jury, upon which no judgment has been rendered by the justice.  *Kimble vs. Riggin*, 2 G. Greene 245 : *Guthrie vs. Humphrey*, 7 Iowa 23.

ter, and an entry, very informal it must be admitted, of judgment. The case after the appeal, should have been tried, without regard to this defect or irregularity.

Several questions are made under the second ground of the motion:

*First.* Was the appeal bond filed in time? Following the entry of judgment, the transcript states: "Whereupon the plaintiff give notice of appeal. Appeal bond filed and approved by me, on the 25th day of *March*, A. D. 1857." The trial was on the 23d of that month. The transcript is marked filed in the office of the clerk of the District Court, *April* 29, 1857. Upon the appeal bond was this endorsement, signed by the justice: "Appeal bond filed and approved by me, this 25th day of *May*, A. D. 1857, and the appeal allowed." Notice of appeal was received by the party serving it, on the 25th and served on the 27th of *March*.

To suppose that the bond was not filed with the justice, until *May* 25th, 1857, as is assumed and contended for by appellee, would be to lose sight of all parts of the record, except the endorsement. We must take all the record together, and when thus taken, we think it reasonably certain that it was filed *March* 25th, and not May 25th, 1857. The bond or recognizance was necessary to perfect the appeal, and until perfected, the justice had no right to file the transcript with the Clerk; and yet, according to appellee's assumption, he did send up the transcript near one month before the appeal was thus perfected. Not only so, but the Justice was not required to thus endorse the recognizance, but he is required to enter upon his docket, the proper date of "the taking and allowance of an appeal." This was done in this case, and from this entry the appeal was manifestly in time.

*Second.* Was the bond or recognizance properly attested, approved or accepted by the justice? The argument made under this head, assumes that the undertaking of the party appealing, must be in exact conformity with the form given in section 2333, of the Code, and must be approved or at-

tested in the precise mode therein stated. This is not necessary. A recognizance equivalent to the form given, and a substantial compliance with the directions of the statute by the justice, is all that is necessary. This was done in this case.

Judgment reversed.