THE COUNTY COURT OF MADISON COUNTY, for the use of
Henry Weinheimer,

v.

ABRAHAM RUTZ et al.

1. EVIDENCE—*judgment rendered by justices.* Technical precision in
matters of form can not be regarded in entries upon justices' dockets. It
is sufficient if the meaning is plain.

2. The entry upon a justice's docket, beginning with the title of the case,
giving the names of the parties in full, and after reciting the various steps
taken in the case, concluded by rendering a judgment for $99.99 "against
the defendant," without saying in favor of the plaintiff. On objection
that the judgment did not show in whose favor it was rendered, the court
refused to admit the record in evidence: *Held,* that the record should
have been admitted, and that a judgment against the defendant must ne-
cessarily be in favor of the plaintiff.

APPEAL from the Circuit Court of Madison county; the
Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. A. W. METCALF, for the appellant.

Messrs. DALE & BURNETT, for the appellees.

Per CURIAM: The record of the judgment rendered by
the justice of the peace, should have been admitted in evi-
dence. The only objection taken to it is that it does not show
in whose favor it was rendered. But the entry upon the
justice's docket begins with the title of the case, giving the
names of the parties in full, and, after reciting the various
steps taken in the case, concludes by rendering a judgment
for $99.99 "against the defendant," without saying in favor
of plaintiff. This court has often said that technical precision
in matters of form can not be required in entries upon justices'
dockets. It is sufficient if the meaning is plain. In this
case it is so. A judgment against the defendant must neces-
sarily be in favor of the plaintiff.

The judgment is reversed and the cause remanded.

*Judgment reversed.*