PEOPLE *ex rel.* DEMAREST *v.* GORMAN, Sheriff.

(*Supreme Court, General Term, First Department.* May 15, 1891.)

EXECUTION—VALIDITY—IRREGULAR JUDGMENT.

    Where a judgment is rendered by a court having jurisdiction, but is irregular in form, an execution issued thereon is not void, but the judgment may be corrected on motion.

Appeal from special term, New York county.

Application by William S. Demarest for a writ of *habeas corpus* to John J. Gorman, as sheriff, etc. The writ was dismissed, and relator appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*C. H. Smith*, for appellant. *W. F. Severance*, for respondent.

VAN BRUNT, P. J. It is claimed by the appellant that the execution upon which he was arrested is void upon its face. The only papers presented to the court are the writ of *habeas corpus*, and the return of the sheriff containing the execution under which he claims to hold the defendant. It is urged that, the court not having the power to enter a judgment in the form described in the execution, therefore such execution is void on its face, and insufficient to hold the relator, upon the ground that, as no liability attaches against the appellant as guardian *ad litem* except for costs awarded against the infant plaintiff, and as the judgment is not described as being for costs, the execution is void and insufficient to hold the relator; because, if the judgment is for costs, it is not intelligibly described in the execution, which section 1306 of the Code provides must be done. This proposition assumes facts which are in no way established before the court. The execution contains all the recitals required by the Code; and, if there is any irregularity in the judgment, it appears from the judgment, and not from the execution; and such judgment is not before the court, and, if it were, such irregularity could not be availed of upon these proceedings. If the judgment is in a form unau-

thorized by the Code, the proper course to be pursued would be by motion to have the judgment corrected. It is conceded that the party under arrest is liable for the judgment described in the execution, but, because the judgment is irregular in form, that, therefore, the execution is void. This is by no means the rule. The court of common pleas, in which the judgment was entered, had jurisdiction of the subject-matter and the parties, and, having such jurisdiction, whatever irregularities it may have committed must be corrected in that court, and cannot be availed of in this summary way. We think, therefore, that the order appealed from was correct, and should be affirmed, with $10 costs and disbursements.