## Simon Cohen v. A. Moore.

1. APPEAL—*Lies from Justice's Dismissal.*—Where, upon the return day of a summons, the plaintiff does not appear, and the justice dismisses the suit at his cost, such dismissal is a judgment from which an appeal will lie.

2. APPEAL FROM JUSTICES—*When Appellee Bound to Follow up the Suit—Notice.*—When a plaintiff omits to appear on the return day of his summons in a justice's court and the suit is dismissed at his costs, the law imputes to the defendant knowledge that the plaintiff may appeal, and imposes upon him the duty of following up the case if he wishes to defend.

**Motion to Vacate Judgment.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

JOHN C. TRAINOR, attorney for appellant.

I. T. GREENACRE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a case in which proceedings conducted in strict accordance with the statutes have resulted, because of our loose system in regard to notice, in a, possibly, very unjust judgment, from which there can be, on this appeal, no relief.

The appellee sued the appellant before a justice and on the return day of the summons, the appellee not appearing, on motion of the appellant the justice dismissed the suit at the cost of the appellee. Such dismissal was a judgment from which an appeal would lie. Reiman v. Ater, 88 Ill. 299.

The appellee did appeal to the Circuit Court and the case was then tried and a judgment rendered for the appellee, November 12, 1894. The appellant had no notice of the appeal or judgment until January 22, 1895. Yet the law imputes to him knowledge that an appeal might be taken, and imposed the duty to follow the case, if he wished to defend.

Two terms of the Circuit Court had then passed since the judgment was entered. The control of the court over the judgment had ended with the October term.

At the January term it had no jurisdiction to set the judgment aside. Cook v. Wood, 24 Ill. 295, has been followed in a multitude of cases; twice by us in this term, before this case. We hardly need say that the refusal of the court to vacate the judgment, which it had not jurisdiction to vacate, was not error, and the order so refusing is affirmed.

The various proceedings set out in the affidavit on which the motion to vacate was based, and by which the appellant was misled, were no ground for a writ of error *coram nobis*. Fix v. Quinn, 75 Ill. 232.