JERRY DENSLOW V. IDA DODENDORF.

FILED MARCH 3, 1896. No. 6108.

1. **Justice of the Peace: FINAL ORDER: APPEAL.** It is only
from a final judgment of a justice of the peace that an
appeal lies. (*Riddle v. Yates*, 10 Neb., 510.)

2. **Dismissal of Appeal.** Where a district court has properly
dismissed an appeal from a justice of the peace, such order

of dismissal will not be reversed merely because a bad reason was assigned for the decision. *Leake v. Gallogly*, 34 Neb., 859, followed.

ERROR from the district court of Dodge county. Tried below before MARSHALL, J.

*A. H. Briggs*, for plaintiff in error.

*T. M. Franse, contra.*

NORVAL, J.

Ida Dodendorf brought suit before Hal Christy, a justice of the peace of Cuming township, in Dodge county, against Jerry Denslow to recover the sum of $82.41 for work and labor. The parties appeared, and trial was had before the justice on July 20, 1892, who on said date spread upon his docket the following entry: "Upon the hearing of the evidence I find that there is due the plaintiff from the defendant the sum of $82.41, and costs of this action, taxed at $6.05. Dated this 20th day of July, 1892. Hal Christy, Justice of the Peace." On July 27 the defendant filed with the justice an appeal bond, which was duly approved. A transcript of the proceedings, including the appeal undertaking, was filed by the defendant in the district court on the 20th day of August, 1892. Subsequently the plaintiff and appellee filed in the district court a motion to dismiss the appeal, because the transcript was filed after the expiration of the time required by law, which motion was sustained and the appeal dismissed. To obtain a reversal of this decision is the purpose of this proceeding.

It is conceded by plaintiff in error that the transcript was filed in the office of the clerk of the

Denslow v. Dodendorf.

district court one day beyond the period allowed by statute within which to perfect an appeal, but he insists that the delay was not occasioned through his fault or laches; hence the appeal should not have been dismissed. It is disclosed that the transcript was obtained by the plaintiff in error from the justice on August 18, and upon the same day it was inclosed in an envelope addressed to the clerk of the district court of Dodge county, with postage prepaid thereon, and deposited in the post-office at Scribner, Nebraska, which was in ample time for it to have reached its destination by the usual course of mail, and to have been received and filed by said clerk within the statutory period. It is insisted by plaintiff in error that he had a right to rely upon the United States mail for the transmission of his transcript, and having mailed it in time, he exercised that degree of diligence which the law required of him in perfecting his appeal, and *Cheney v. Buckmaster*, 29 Neb., 420, is cited to sustain the proposition. That case lacks analogy. There the request for the transcript was, it is true, made by mail four days after the entry of the judgment, yet the letter making the demand was promptly received by the county judge, who negligently failed to make a transcript of the proceedings until the expiration of more than thirty days after the entry of the judgment. It was ruled that the right to appeal was not lost by the neglect or failure of the county judge to prepare the transcript in time. No laches of a public officer is imputed in this case. The question discussed by counsel herein was not involved in *Cheney v. Buckmaster*. Nor do we now propose to express an opinion thereon. Conceding that Denslow exercised due

diligence in attempting to perfect his appeal, and that he had a right to rely upon one of the agencies of the general government for the prompt transmission of the transcript, which we do not decide, nevertheless the appeal was rightly dismissed, for the reason no final judgment was rendered by the justice. He made findings, but rendered no judgment thereon, therefore the cause was not appealable. (*Nichols v. Hail*, 5 Neb., 191; *Riddle v. Yates*, 10 Neb., 610; *Daniels v. Tibbcts*, 16 Neb., 666; *Stone v. Neeley*, 34 Neb., 81.)

It is probably true the learned district judge predicated his decision upon the ground the appeal was not taken in time, and not because there was no final order or judgment to appeal from, but that is unimportant. The essential thing is that the appeal was properly dismissed, even though the decision of the court below may have been predicated upon grounds that were not tenable. This was expressly held in *Leake v. Gallogly*, 34 Neb., 859. The judgment dismissing the appeal is

AFFIRMED.