## W. E. Brown and James Pease v. James C. Owens.

1. Appeal—*From Judgments of Dismissal.*—A dismissal of a case by a justice of the peace for want of prosecution is a judgment from which an appeal lies.

2. Judgment—*Form of, in Inferior Courts.*—No particular form is required in the proceedings of an inferior court to render its order a judgment. It is sufficient if it is final and the party against whom it is rendered may be injured.

Injunctions.—Appeal from an interlocutory order, entered by the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the March term, 1896. Reversed. Opinion filed May 14, 1896.

### Statement of the Case.

This is an appeal from an interlocutory order for a temporary injunction. It appeared by the bill and stipulation as to facts that W. E. Brown, one of the appellants, commenced an action before a justice of the peace in February, 1893, against the appellee, James C. Owens. When the case was called for trial by the justice, the plaintiff was absent, and the defendant was present, and on the motion of the defendant the justice dismissed the case at the costs of the plaintiff. Within twenty days from the date of this judgment and order of dismissal, the plaintiff filed his appeal bond which was by the justice approved, and the case was transmitted to the County Court.

On the 28th of May, 1895, in the County Court of Cook County, the case was called for trial; a jury was impaneled, and a verdict rendered in favor of the plaintiff for $199, the defendant not appearing at the trial. Judgment was entered upon the verdict for $199 and costs. Afterward execution was issued upon the judgment, and it was to enjoin the enforcement of the judgment that this suit in chancery was brought in the Circuit Court. An application for an injunction was referred to a master, who made a report recommending that the application for temporary injunction be denied.

On the 25th of February, 1896, the Circuit Court of Cook County refused to confirm the master's report, sustaining the exceptions thereto, and entered an order allowing a temporary injunction upon the filing of a bond in the sum of $500, conditioned as required by law. It is from the order allowing a temporary injunction that this appeal was taken.

BROWN & NORTON, attorneys for appellants.   .

B. W. VEIRS and M. P. HATHAWAY, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The transcript of the proceedings before the justice of the peace is as follows:

"EXHIBIT A.

Before E. T. Glennon, Justice of the Peace.

STATE OF ILLINOIS, } ss.
Cook County. }

W. E. Brown }
      v. } Assumpsit.   Demand, $200.
James C. Owens. }

March 9, 1893, summons ordered and issued to Constable Ralsten, returnable March 17, 1893, at one o'clock, P. M., and on the 14th day of March, 1893, returned by said constable indorsed as follows: 'Served the within by reading the same to the within named defendant, James C. Owens, in my county, this 14th day of March, 1893. John Ralsten, Constable.'

March 17, 1893, case called. Continued to March 22, 1893, at one o'clock, P. M.

March 22, 1893, case called at time set. Plaintiff appears not. Defendant present, and on defendant's motion case dismissed at plaintiff's costs."

It is insisted by appellee that the dismissal by the justice of the suit, at plaintiff's costs, was not a judgment from which an appeal could be taken, and that therefore the County Court obtained no jurisdiction by the appeal taken to it.

The justice certainly rendered judgment against the plaintiff for costs, and from such judgment an appeal could be taken.   The action of the justice was in accordance with Sec. 33 of the statute concerning justices and constables.

The 62d section of the act concerning justices of the peace, provides that appeals from judgments of justices of the peace shall be granted in all cases except on judgment confessed.   A dismissal for want of prosecution is a judgment.   Reiman v. Ater, 88 Ill. 299; Cohen v. Moore, 59 Ill. App. 396.

A much less degree of technicality and formality is required in the judgments of justices of the peace and other inferior courts than is exacted in respect to the judgments of the courts of record.   In the case of judgments of the former order, it is generally held sufficient if the books and papers disclose with reasonable certainty that the judgment was in fact rendered for one of the parties, and for what amount, or even that a verdict was returned, on which no judgment was actually entered.   1 Black on Judgments, Sec. 115.

No particular form is required in the proceedings of an inferior court to render its order a judgment.   It is sufficient if it is final, and the party may be injured.   Johnson v. Gillett, 52 Ill. 358; Brendon v. Shinkle, 89 Ill. 604; Madison Co. v. Rutz, 63 Ill. 65.

The bond filed upon the appeal sufficiently identified the judgment entered by the justice from which the appeal was taken.

The order of the Circuit Court is reversed.