### John Stroup v. James T. Hobbs.

1. EXEMPTIONS—*Wages of a Laborer.*—A judgment under section
16, chapter 52 (1 Starr & Curtis), entitled " Exemptions," rendered by a
justice of the peace, which states that it is " for the wages of a laborer,"
is sufficient to authorize the levy of an execution on property otherwise
exempt.

Debt, for a statutory penalty. Appeal from the Circuit Court of Edwards County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded. Opinion filed June 18, 1896.

COOPER & CREIGHTON, attorneys for appellant.

J. M. CAMPBELL, attorney for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant under the statute, for double the value of property alleged to have been illegally seized under an execution issued on a judgment recovered before a justice of the peace. The judgment was, "that the plaintiff have and recover a judgment from James T. Hobbs, defendant, the sum of $16.70, for the wages of a laborer, and costs." It is alleged, and the court below held, that the phrase "for the wages of a laborer" is not such a finding of the fact as to authorize the levy of an execution on property otherwise exempt.

The statute on this subject is as follows: "No personal property shall be exempted from levy of attachment or execution when the debt or judgment is for the wages of any laborer or servant; *provided*, the court rendering judgment shall find that the demand so sued for is for wages due such person as laborer or servant; which finding shall be expressed in the record of said judgment and indorsed upon the execution when issued." 1 Starr & Curtis' Annotated Stat., Chap. 52, Sec. 16.

We are of the opinion that the judgment in question is a substantial compliance with the requirements of the statute. It would have been more formal if the judgment had read "which sum the court finds to be due the plaintiff for his wages as a laborer." But the phrase used means the same thing, and technical accuracy is not to be required of a justice's judgment. Madison County v. Rutz, 63 Ill. 65; Bliss v. Harris, 70 Id. 343; Brennan v. Shinkle, 89 Id. 604.

It is also worthy of remark, that the execution stated that

the recovery was for the wages of a laborer, and that this was sufficient to protect the officers in the execution of the writ. If an execution shows on its face that the justice had jurisdiction of the subject-matter, and there is nothing to apprise the officer of a want of jurisdiction of the person, the officer may proceed to collect the judgment without incurring personal liability. In this case the writ stated that the judgment was for the wages of a laborer, and the constable was not obliged to examine the judgment to see whether or not this statement was true. Jackson v. Hobson, 4 Scam. 411; Barnes v. Barber, 1 Gilm. 401; McDonald v. Wilkie, 13 Ill. 22; Martin v. Walker, 15 Id. 377; Outhouse v. Allen, 72. Id. 529; Ressler v. Peats, 86 Id. 275.

The judgment is reversed and the cause is remanded.