70 179
f70 435

STATE OF MINNESOTA ex rel. MARY HANKE v. MATTHEW J. MYERS.[1]

November 19, 1897.

Nos. 10,847—(30).

**Justice of the Peace—Recovery of Judgment—Entry.**
> *Held,* that the evidence in this case was sufficient to sustain the finding of the trial court to the effect that the relator recovered a judgment in justice court, and that the justice entered the same in his docket.

Application by the state, on the relation of Mary Hanke, for a writ of mandamus against Matthew J. Myers, justice of the peace. From an order of the district court for Watonwan county, Severance, J., granting a peremptory writ, defendant appealed. Affirmed.

*W. S. Hammond,* for appellant.

A memorandum or certified result is not a judgment. Bell v. Otts, 101 Ala. 186. The judgment must be duly entered after rendition. Hickey v. Hinsdale, 8 Mich. 267. A writing, not identified as a file in the case, is not competent evidence of the entry of a judgment. Cadwell v. Dullaghan, 74 Iowa, 239; In re Evingson, 2 N. D. 184; Benaway v. Bond, 2 Pinney, 449. The entry of a judgment must be proved by the docket itself. Rotert, Minn. Just. 133. The justice must enter in his docket the verdict of the jury and, when rendered, the judgment. G. S. 1894, § 4961. The decisions in Michigan on a similar statute there have been decided on the theory that such statute is directory merely. Gaines v. Betts, 2 Doug. 98; Overall v. Pero, 7 Mich. 314; People v. Township, 9 Mich. 144; but see Brady v. Taber, 29 Mich. 199. In all cases where a verdict is rendered the justice shall forthwith render judgment and enter the same on his docket. G. S. 1894, §§ 5022, 5013. Similar provisions in the statutes of Wisconsin, Iowa and North Dakota have been held to be mandatory. Hull v. Mallary, 56 Wis. 355; Tomlinson v.

[1] Reported in 72 N. W. 969.

Litze, 82 Iowa, 32; In re Evingson, supra; Sorenson v. Swensen, 55 Minn. 58; Murray v. Mills, 56 Minn. 75. A justice may issue execution upon a judgment of his predecessor only when such judgment is duly entered in the docket of such predecessor. G. S. 1894, § 4963; Laws 1897, c. 203.

*Seager & Lobben,* for respondent.

The alternative writ issued in this case serves the office of a complaint. 14 Am. & Eng. Enc. 228. Omission of the justice to make a statement of plaintiff's demand in his docket could not affect the validity of the judgment, especially when the pleadings were in writing and filed. Payson v. Everett, 12 Minn. 137 (216). The presumption is that a verdict entered was entered on the day it was rendered. Clague v. Hodgson, 16 Minn. 291 (329). Judgment is valid although not signed by the justice. State v. Bliss, 21 Minn. 459. Entry of the damages and costs is in legal effect a judgment. 2 Cowen, Justice of P., § 1537; Hall v. Tuttle, 6 Hill, 38, 42; McGinty v. Warner, 17 Minn. 23 (41); Elwell v. McQueen, 10 Wend. 520; Overall v. Pero, 7 Mich. 314; Gaines v. Betts, 2 Doug. (Mich.) 98; Zimmer v. Davis, 35 Mich. 39; Fish v. Emerson, 44 N. Y. 376; Felter v. Mulliner, 2 Johns. 181.

START, C. J.

The appellant is a justice of the peace in and for Watonwan county, and as such has in his custody the docket and files of A. Sturm as a justice of the peace, his predecessor in office.

The relator, claiming that on August 16, 1895, she recovered a judgment for the sum of $40 and $47.39 costs in an action then pending before A. Sturm, as such justice of the peace, wherein she was plaintiff and Peter Stemper was defendant, and that such judgment was duly entered in the docket of the justice, duly demanded of the appellant that he issue an execution in her favor upon such judgment. He refused to do so. Thereupon the relator sued out an alternative writ of mandamus requiring the appellant to issue the execution, or show cause why he should not do so. The appellant answered the writ, admitting that he was in possession of the justice docket referred to, and that there was of record therein certain proceedings in the action named, but he denied that there was

any record of any judgment therein in favor of the plaintiff in such action. The trial court found that the relator did recover such judgment, and that it was of record in such docket, and ordered a peremptory writ to issue requiring the execution to be issued, from which order the appellant appeals.

On the trial the relator introduced, over the objection and exception of appellant, a writing in the following words:

State of Minnesota,                          In Justice Court.
County of Watonwan.                          A. Sturm, J. P.

   Mary Hanke, Plff.
     vs.
   Peter Stemper, Deft.

We, the jury in the above-entitled action, find for the plaintiff, and assess her damages $40 $^{00}/_{100}$ dollars.
Dated August 16th, 1895.                          A. Warnke,
            Foreman of the Jury.

There was no indorsement of filing on such writing, but both parties admitted the writing was one of the files in the action of Mary Hanke against Peter Stemper. The respondent objected to the writing being received as evidence, on the ground that it was "incompetent, irrelevant, and immaterial."

The docket shows the pendency of the action in question, the appearance of the parties, issue formed, and a trial by jury on August 16, 1895, and concludes with these words:

"Pleas made, and officers sworn, and the following verdict given by jury: 'We, the jury in the above-entitled action, find for the plft., and assess her damages at $40.00 and costs; costs of this action $47.39.
         " 'A. L. Warnke,
           " 'Foreman of Jury.' "

On the margin of the docket there is an itemized statement of the costs in the case, showing the amount of fees due each officer separately. Included in the amount due to the justice is 25 cents for the judgment. The total costs so taxed were $47.39, and were entered in the body of the docket. The appellant assigns as error the receiving in evidence of the verdict for the reason that it was not identified. Such was not the objection made to its admission

on the trial, and it cannot be urged on appeal for the first time. The original verdict was competent, relevant and material as an aid in construeing the docket entries.

The other assignments of error are to the effect that the finding of the trial court, that the justice rendered judgment for the plaintiff for $40 and $47.39 costs and entered it in his docket, is not sustained by the evidence. Reading the docket entries, including the marginal entries as to costs, in the light of the original verdict, it is evident from the docket that the justice taxed the costs and entered them in the body of the docket as a part of the verdict, intending that the amount of the verdict and costs added by him should constitute the judgment. Had the justice entered the verdict as it was returned, and added the words, "Judgment accordingly and for $47.39 costs," it would have been a sufficient entry of the judgment. All informalities and inaccuracies in the entries on the docket of a justice of the peace will be disregarded if the meaning is ascertainable, and is conformable to law. McGinty v. Warner, 17 Minn. 23 (41).

The docket entries in this case show the rights adjudicated. The verdict of the jury fixed absolutely the amount of the recovery. The justice had no power over the verdict, and no discretion in the premises. He entered the verdict in his docket, and taxed and inserted the costs in his docket as a part of the verdict. This was informal, but no one can fail to understand from the docket that the plaintiff was entitled to recover $40 damages and $47.39 costs. Effect must be given to the entries in the docket according to the manifest intention of the justice in making them, which was that the amount of the verdict and costs should constitute the judgment. See Gaines v. Betts, 2 Doug. (Mich.) 98, where the following entry was held to constitute a good judgment: "The jury returned with a verdict for the plaintiff for eighteen dollars damages, and costs of suit, taxed at five dollars." Also Overall v. Pero, 7 Mich. 314.

Order affirmed.