MINNIE H. FOWLER v. HENRY THOMSEN, JR., ET AL.

FILED APRIL 22, 1903. No. 12,589.

Entry of Judgment: JUSTICE OF THE PEACE. A justice's docket contained the following: "One hour after the time stated in the summons, this cause came on for hearing. Plaintiff in court. Defendant failed to appear one hour after the time stated in the summons, and the plaintiff filed his bill of particulars, and I find from the bill of particulars that there is due the plaintiff the sum of fifty-eight dollars and all costs taxed at $2.40 (two and forty cents)." On the margin was a taxation of costs, and a charge for the entry of judgment. Held, Sufficient to protect succeeding justice in the issuance of an execution, and a constable in levying that execution.

ERROR to the district court for Dodge county: CONRAD HOLLENBECK, DISTRICT JUDGE. Affirmed.

W. J. Courtright and S. S. Sidner, for plaintiff in error.

Enos F. Gray and George L. Loomis, contra.

HASTINGS, C.

The questions arising in this case all grow out of the following record:

"In Justice Court, before Lemuel Doane.

"THE STATE OF NEBRASKA, ⎰
    DODGE COUNTY,      ⎱ ss.

"October 24, 1896.   Summons issued on the part of the plaintiff to defendant.   I hereby certify that on the 27th day of October, A. D. 1896, I served the within summons on the within named David Fowler by leaving at his usual place of residence in North Bend, Dodge county, Nebraska, a true and certified copy of the same, with all the indorsements thereon, this 27th day of October, 1896.

"J. E. NEWSOME, *Constable.*

"October 31, 1896.   Plaintiff filed his bill of particulars.

"October 31, 1896.   One hour after the time stated in the summons this cause came on for hearing.   Plaintiff in court.   Defendant failed to appear one hour after the time stated in the summons, and the plaintiff filed his bill of particulars, and I find from the bill of particulars that there is due the plaintiff the sum of fifty-eight dollars and all costs, taxed at $2.40 (two and forty cents).

"LEMUEL DOANE, *Justice of the Peace.*

"For value rec'd I hereby sell, assign and transfer unto George E. Ladd the above judgment and authorize him to collect and discharge the same.        WM. K. GAGE.

"January 11, 1898.

"Execution issued November 28, 1898, made returnable in thirty days, and the court duly deputed and authorized Henry Thomsen to serve the same."

On the margin appears the following:

"William K. Gage, Plaintiff, v. David Fowler, Defendant.

| "Plaintiff's Costs. "Justice's Fees. | | Sheriff's or Constable's Fees. | |
|---|---|---|---|
| Summons .......... | .50 | Summons ......... | .50 |
| Docketing ........ | .25 | Copy ............. | .25 |
| Filing papers...... | .20 | Mileage .......... | .10 |
| Judgment ........ | .50 | Execution ........ | 1.75 |
| Swearing ......... | .10 | | |
| Execution ........ .... | .50 | JOHN McCONNELL. | |
| | $2.05 | | |
| Execution......... | .50 | | |

"J. E. Newsome Rec'd 50 cts.

"Defendant's Costs.

"Constable, Justice's Fees.

"Received $2.05, my costs, Jan'y 10, 1899.

"LEMUEL DOANE."

Across the face of the record, in red ink, is the following:

"Received full payment of this judgment.

"GEO. E. LADD.

"Signed in my presence this 26th day of Jan'y, 1899.

"J. E. NEWSOME,

"*Justice of the Peace.*

"Rec'd satisfaction.     GEO. E. LADD, by E. KERN."

As shown here, the defendant J. E. Newsome, as successor to Lemuel Doane, justice of the peace, issued an execution on November 28, 1898, and delivered it to the other defendant, Henry Thomsen, Jr.   He proceeded to levy it on five stacks of hay, which he sold under the execution December 19, realizing $82.50.   The plaintiff, Minnie Fowler, brought suit against both the constable, the justice of the peace and one Chris Cusack; alleging that the hay was the property of David Fowler, and that the defendants unlawfully took and converted it, and that David Fowler had assigned his right of action to her.   Judgment was rendered in the county court against Thomsen and Newsome, an appeal was taken by them and in the district court answer was filed for Newsome, denying any conversion, denying the good faith of the assignment by David Fowler to the plaintiff, and justifying the taking of the property on the ground that Newsome was a justice of the peace, and had upon his docket the judgment, and, at the request of the assignee of the judgment, issued an execution upon it, and delivered it to Henry Thomsen, who was appointed special deputy constable to serve it; that the execution was levied upon the hay, the hay sold under it and the proceeds applied in the payment of the judgment. Thomsen also answered, setting up the same facts.   Reply was filed, denying generally, and setting up that the con-

stable was advised before the sale that there was no judgment, and did not rely upon his execution but took an indemnifying bond, and that both defendants acted with full knowledge of the fact that there was no judgment. The allegations with reference to the indemnifying bond were stricken from the pleading, and the proof of it from the record. The jury, under the instructions of the court, returned a verdict for the defendants. Plaintiff brings the case to this court, asserting that under the facts as shown defendants are liable for the hay.

It is conceded that the right of David Fowler in the hay was by oral pledge from the execution defendant, and was subject to levy at the time it was taken, if there had been a judgment on which a valid execution could be based. The judgment is claimed to have been without jurisdiction because at the time of the issuance of summons there was no bill of particulars on file. We are unable to see how this at most could be other than a mere irregularity, a bill of particulars being on file at the time of the rendition of the judgment. We find nothing in the statute that requires the filing of a bill of particulars before the issuance of summons.

It is also claimed that the judgment is void because it does not state in express terms the day and hour of the return day of the summons. The docket, however, recites that a summons was issued, and recites that on October 31, and one hour after the time stated in the summons, which appears to have been served and returned, the cause came on for hearing. The language of the docket distinctly indicates the issuance and service of summons and that the alleged judgment was entered on the day of the return, and one hour after default. It seems, however, necessary to admit that under the holding in *Denslow v. Dodendorf*, 47 Neb. 328, there is no judgment. There is no statement from whom the alleged amount is due. It is not declared that a judgment is rendered, except as can be gathered from the placing of this finding at the end of the proceedings, and from the marginal entries.

It is claimed by defendants that the cases of *Lewis v. Watrus,* 7 Neb. 477, and *Rhodes v. Thomas,* 31 Neb. 848, hold such a judgment as this to be good.

In *Lewis v. Watrus* the form held good was: "Judgment decreed in favor of plaintiff in the sum of, principal $174.70, interest 85 cents, judgment $175.55," and costs $9.30.

It must be admitted that this differs from the one that we have now in question only in using the word "judgment" instead of the word "find." Like the one now before us, it fails to indicate, except by implication, against whom it is rendered. Nevertheless it was held to be "a final determination of the rights of the parties" and to support an appeal.

In *Rhodes v. Thomas,* the following is the form: "After hearing the evidence, it is therefore considered by me that the plaintiff have and recover from the defendant the sum of $69.15, together with costs taxed at $49.15." This was complained of in error proceedings on the ground that there was no finding to support it. This court held that it would serve as both finding and judgment, citing with approval from *Garrett v. Woods,* 3 Kan. 231, 236: "Their acts, however informal, if substantially in accordance with law, are to be upheld. When it can be ascertained from their dockets that they have in substance carried out the requirements of the law, a mere technical defect or informality should not be held sufficient to vitiate the proceedings."

In *State v. Myers,* 70 Minn. 179, 72 N. W. 969, a mandamus was allowed to compel an execution where the justice had merely copied into his docket the verdict of the jury, set down the date, and taxed the costs. The court say (p. 182): "This was informal, but no one can fail to understand from the docket that the plaintiff was entitled to recover $40 [the amount found by the jury] damages and $47.39 costs. Effect must be given to the entries in the docket according to the manifest intention of the justice in making them, which was that the amount of the verdict and costs should constitute the judgment."

In *Denslow v. Dodendorf* before mentioned, a judgment by a justice of the peace in these terms, "Upon the hearing of the evidence I find that there is due the plaintiff from the defendant the sum of $82.41, and costs of this action, taxed at $6.05," was held to be a finding, but not a judgment, and that from it no appeal would lie. The question, however, was not raised by counsel. The appeal had been dismissed by the district court for the reason that it was filed out of time, and error had been taken from that conclusion of the district court. The propriety of that conclusion was questioned on the ground that the transcript had been mailed in ample time, in the ordinary course of the mails, to have reached the clerk of the district court within the period allowed by law. This court declined to decide the question presented, but held that the appeal was rightfully dismissed for the reason that there had been no final judgment. No cases from this state or elsewhere are cited.

In *Daniels v. Tibbets*, 16 Neb. 666, the following entry is held not to constitute a final judgment of the district court: "The defendant herein elects to stand on his demurrer heretofore overruled by the court, and excepted to at the time. And now comes the plaintiff by counsel, and the defendant being in default for want of an answer, the court finds the allegations of the petition are confessed by him to be true." It is impossible to see how this holding as to an entry in the district court, so manifestly inconclusive, can be given any weight in deciding whether or not the judgment of the justice of the peace in question here would support an execution.

*Nichols v. Hail*, 5 Neb. 194, is also cited, but seems to have no application to the state of facts now before us. It was an attempted judgment of the district court which failed to dismiss an action, but merely taxed costs against the plaintiff.

In *Ransdell v. Putnam*, 15 Neb. 642, 643, the following is held sufficient to serve as both judgment and finding: "After hearing and duly weighing the testimony and au-

thorities, it was found by this court that the plaintiff have and recover of the defendants Ransdell and Reed the sum of twenty-nine dollars and fifty cents, as due him for services and labor done and performed, and for costs of this suit, taxed," etc.

In *Michaut v. McCart*, 55 Neb. 654, 655, this case of *Ransdell v. Putnam* is cited with approval in sustaining a judgment in this form: "After hearing the evidence on both sides, and argument, it is considered by me that the plaintiff shall recover of the defendant the sum of $18.15 and costs of this action." This is held to import a sufficient finding.

In all the foregoing cases the judgments were directly attacked by proceedings in error. Certainly a somewhat stronger rule is applied to sustain such judgments against a collateral attack, as in the case before us. They all, except *Denslow v. Dodendorf*, seem to rest upon the doctrine of Freeman, Judgments, sec. 50, that an entry is sufficient if it shows the relief granted, and that it was made by the court whose record it is. This is to be applied liberally to justices' proceedings. Freeman, Judgments, sec. 53. Resort may be had to the marginal notes, to the files in the case, and to the entire record, to ascertain what was done and who did it. Freeman, Judgments, sec. 55, and cases cited. If this doctrine is applied to this case, there seems no doubt that this entry was intended as a judgment, and is full enough to indicate that intention unmistakably, as to parties and amount. If so, it will support an execution. Black, Judgments (2d ed.), sec. 115; *Barron v. Tart*, 18 Ala. 668; *Marcy v. Russ*, 1 Root (Conn.) 176; *People v. Gorman*, 60 Hun (N. Y.) 578, 14 N. Y. Supp. 547. The holding in *Denslow v. Dodendorf*, so far as it conflicts with this conclusion, should be overruled. No doubt this judgment was voidable on error for want of a sufficient finding, as its recital shows its basis was not the evidence, but plaintiff's bill of particulars. Such defect, however, did not subject it to collateral attack by a third party. *Breading v. Boggs*, 20

Pa. St. 33; *Doty v. Sumner Brothers*, 12 Neb. 378; *Mary-ott v. Gardner*, 50 Neb. 320; *Lubker v. Grand Detour Plow Co.*, 53 Neb. 111; Black, Judgments (2d ed.), sec. 115, at end.

That the recital of a finding "from the bill of particulars" renders the action of justice of the peace so void that third parties may question it on the levy of an execution, we can find no authority. If the defendant was not satisfied with this method of ascertaining the amount of his debt, he should have appealed or taken error. He not having done so, third parties can not afterward complain.

In this case the question is not how the justice reached his conclusion that there was "due the plaintiff the sum of $58 and all costs, taxed at $2.40," nor as to the rightfulness of that conclusion. The question is, does this transcript, taken as a whole, show that he reached that conclusion as a final determination of the action then pending before him? If it shows that he did, and that he entered it as such determination, until it is reversed, it will support an execution.

It is suggested that it was his duty to dismiss the action, and it should not be presumed that he did anything else. That, no doubt, is true, but it is clear from these entries, as we think, that he did not dismiss the action, but entered what he intended as a judgment for plaintiff, and that intention seems to appear plainly enough, so that his successor was bound by it. If, as the authorities seem clearly to show, it is purely a question of intention to render a particular judgment for an ascertained amount in favor of a definite party, and against a certain defendant, and the presence or absence of that intention is to be gathered from the record as it stands, there seems not much room for presumptions either way. If there is any judgment here at all, it certainly is not one for dismissal of the action, but is one for $58 and costs. To hold at the same time that the justice's intention, if it can be gathered from the entire record and proceedings, must govern, and that the presumption that he meant to do only

the right thing must control such intention, if the latter appears to have been to do the wrong one, is too manifest an inconsistency. From the marginal entries and the circumstances there can be no doubt that this, while in form a finding, was intended as a judgment for the amount named. As suggested by Freeman in the passage above, it has been held that the entry of a judgment of a justice of the peace may be aided by reference to the margin. *Elliott v. Morgan,* 3 Harr. (Del.) 316; *Clothier v. Clark,* 4 Harr. (Del.) 365; *Clay v. Clay,* 7 Tex. 250.

The marginal statement clearly shows that the entry here was intended as a judgment. If it be held to be a mere finding, it has been frequently decided that the entry of a finding by a jury, with a statement of costs by the justice of the peace, will support an execution without any formal judgment whatever. Black, Judgments (2d ed.), sec. 115; *Lynch v. Kelly,* 41 Cal. 232; *Gaines v. Betts,* 2 Doug. (Mich.) 98; *Davis v. Pinckney,* 20 Tex. 340; *Stemmons v. Carey,* 57 Mo. 222; *State v. Myers,* 70 Minn. 179, 72 N. W. 969; *Overall v. Pero,* 7 Mich. 314. This seems to be on the ground that entering the verdict in this way shows an intention to enter a judgment.

We do not see why a similar effect should not be given to the finding of the justice himself, which has been entered, like the verdict of the jury, with the evident intention of determining the rights of the parties, and to which is appended a proper computation of costs.

If it is objected that in the present case the finding is not against an individual party, *Titus v. Whitney,* 16 N. J. Law, 85, 31 Am. Dec. 228, holds a judgment for plaintiff generally, without stating against whom it was rendered, is sufficient in a justice court.

In *Parker v. Swan,* 20 Tenn. 88, 34 Am. Dec. 619, a similar judgment is held good where there are two defendants. In both cases it was on the ground that the whole record sufficiently showed against whom judgment was intended.

In *Madison County v. Rutz,* 63 Ill. 65, a judgment

against defendant, without indicating in whose favor, is held sufficient to support an execution.

In *Stowers v. Milledge,* 1 Ia. 150, 63 Am. Dec. 434, the following judgment was held good on appeal: "After hearing all the testimony on both sides, it is believed that the plaintiff is entitled to seventy-five dollars debt, and costs of suit, which is taxed as follows." The court say: "We must look to the substance, and mere form becomes immaterial." The parties, the matter in dispute and the result, are held to appear sufficiently, and that to be all which is required. The case is cited and followed in *Moore v. Manser,* 9 Ia. 47, *Barret v. Garragan,* 16 Ia. 47, and *Lavalle v. Badgly,* 33 Ia. 155.

In *Kase v. Best,* 15 Pa. St. 101, 53 Am. Dec. 573, an entry: "Therefore plaintiff for costs" is held to be a sufficient final judgment. "To hold that the word 'judgment' must appear would be to put form before substance."

It would seem to be doing no violence to the Nebraska cases relating to this subject, with the sole exception of *Denslow v. Dodendorf,* to adopt the Texas rule, that the test of the sufficiency of a judgment of a justice of the peace is its intelligibility. *Davis v. Bargas,* 12 Tex. Civ. App. 59, 33 S. W. 548. If this test is applied, the judgment here considered must be held sufficient to support the execution.

The reason for the relaxation in respect to these magistrates of the rule that all of the essentials of a judgment must appear in the record seems to be twofold. These records are made by magistrates presumably not learned in the law, and whose intention must be held to govern if it can be ascertained with certainty; and, too, the entire record, being the work of a magistrate without a clerk, is presumably that of the court itself, and therefore marginal notes, assisted by the files of the case, are used to ascertain this intention, somewhat in the manner of construing contracts. They are not courts of record, and the certainty of records should not be required of them.

Of course, if the judgment is held to be sufficient to base

an execution upon, that disposes of the case. The two questions as to whether the issuance of the execution was a judicial act on the part of the justice, Newsome, and is protected on that ground, and as to Thomsen, whether his execution is a sufficient protection, notwithstanding any notice from the plaintiff of defects in the judgment, would be out of the case, and anything said upon them would be mere dictum. It is therefore not thought worth while to discuss them.

It is recommended that the judgment of the district court be affirmed.

KIRKPATRICK and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.