## The People of the State of Illinois for use of New Boston Fish Company, Appellant, v. Noah Ferguson et al., Appellees.

1. APPEAL AND ERROR, § 624*—*when appeal is perfected in time.* A case is properly before the court on appeal when the trial court enters a finding of fact at one term and at the succeeding term judgment is entered thereon and an appeal is prayed the day the judgment is entered.

2. JUSTICES OF THE PEACE, § 73*—*formality of proceedings.* The same technicality or formality is not required in proceedings before a justice as in suits in a court of record.

3. JUSTICES OF THE PEACE, § 106*—*when judgment misstating name of plaintiff is sufficient.* Where the name of a plaintiff, "New Boston Fish Company," is correctly given in the summons and in the title in the docket of a justice of the peace, a judgment rendered in favor of plaintiff, New Boston Fish Market Company," is sufficient, the word "market" being regarded as surplusage.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed July 14, 1917.

JOHN W. SHEEHAN, for appellant.

JAMES E. DOWLING and ROBERT H. PATTON, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in debt begun by the People of the State of Illinois for the use of New Boston Fish Company against Noah Ferguson, Fred Clayton and L. F. Mathers on a constable's bond, for damages resulting from the alleged failure and neglect of Noah Ferguson, a constable, to levy or return within the time required by the statute an execution placed in his hands for the collection of a judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The declaration avers the giving of the constable's bond by the defendants, and that the New Boston Fish Company recovered a judgment before J. N. Shelton, a justice of the peace in the City of Springfield, against one Charles O. Murray for $49.03 and $2.05 costs, and that an execution for the collection of the same was placed in the hands of Noah Ferguson, a constable, on November 18, 1915, and that he failed and neglected to collect the same out of the goods of the debtor and return said writ to said court within seventy days as commanded. The defendant pleaded *nil debet*.

There is no dispute over the facts. The New Boston Fish Company, a corporation, began suit before J. N. Shelton, a justice of the peace, against Charles D. Murray. The summons and docket of the justice were offered in evidence. The plaintiff named in the summons and in the title of the case on the justice's docket is "New Boston Fish Company." The entry on the docket after the return of the summons is: "Nov. 10, 1915, at 3 p. m. case called for trial. Plaintiff in court in person of its agent, John W. Sheehan, and fully proves its demand. Defendant defaults. Judgment is rendered in favor of plaintiff, New Boston Fish Market Company, and against the defendant, Chas. O. Murray, in the sum of $49.03 and costs of suit." The execution issued November 18, 1915, is in the regular form and commands "that of the goods, etc., you make; the sum of $49.03 judgment and interest thereon from the 10th day of November, A. D. 1915, and Two dollars and five cents costs, which New Boston Fish Company lately recovered before me, etc., in a certain plea against the said Charles O. Murray and·hereof make return to me within seventy days from this date unless," etc. Ferguson, a constable, received the execution November 18, 1915, and did not return it until "April 21, 1916," when he returned it indorsed "no property found to levy upon." It is admitted that

Noah Ferguson is a constable and executed the bond sued upon with the other defendants as his sureties.

The case was heard before the court without a jury at the September term, 1916, and on the 9th day of September the court found "the issues for the defendants" but no judgment was rendered. On November 8th, at the November term, the defendants made a motion for a new trial, which was overruled and judgment rendered against the plaintiff, that it take nothing by its suit and in favor of defendants for costs. Plaintiff prosecutes this appeal.

Counsel for appellee contend that the appeal is not properly before this court and say that the bill of exceptions states that the court at the October term entered judgment against the plaintiff for costs and no appeal was prayed at that term. An examination of the record shows that the court at the October term found the issues for the defendants, but did not render any judgment either on the subject-matter of the suit or for costs. It simply entered a finding of fact, which corresponds with a return of a verdict of a jury. Judgment was not rendered until at the November term and an appeal was prayed the day the judgment was entered. The case is properly in this court by appeal.

The justice of the peace in entering the original judgment on which the execution was issued inadvertently inserted the word "market" in the name of plaintiff. In the summons in the original case and in the title in the docket of the justice the name of plaintiff, "New Boston Fish Company," is correctly written. It is also correct in the execution issued that the constable failed to return for over five months, although the statutes require that he should return it within seventy days. The judgment rendered by the justice is: "Judgment is rendered in favor of plaintiff, New Boston Fish Market Company." Freeman on

Judgments, at section 50a, lays down the rule: "A judgment * * * is insufficient, if the whole record or judgment roll does not really disclose the parties for and against whom the judgment is given. On the other hand, it is equally well settled that the names of the parties need not be stated in the body of the judgment. * * * As heretofore suggested, every judgment may be construed and aided by the entire record. A mistake in the name of the party is therefore rarely of serious consequence. If his name is incorrectly spelled, * * * if his initials are reversed, or otherwise misstated in the entry, the mistake may be cured by reference to other parts of the record. If he sued or was sued by a wrong or fictitious name, or by some designation which included a part only of his name, and was personally served with process, and, failing to urge the misnomer in any way, judgment was entered for or against him, either by his correct name, or by such mistaken, fictitious or imperfect name, it is valid and enforceable." Black on Judgments, secs. 116 and 213, announces the same rule. In *Hoffield v. Board of Education of City of Newton*, 33 Kan. 646, 7 Pac. 216, a judgment on a suit begun and entered against School District No. 1, Harvey County, after the district had been changed to Board of Education of the City of Newton, was held to be valid judgment against the latter corporation and collectible from it, the summons having been served on the officials of the latter. The same technicality and formality are not required in proceedings before a justice as in suits in a court of record. *Hall v. Lance*, 25 Ill. 277; *County Court of Madison Co. v. Rutz*, 63 Ill. 65; *Brennan v. Shinkle*, 89 Ill. 605. Since the name of plaintiff was correctly given in the summons and in the title of the case in the docket, the judgment being "in favor of plaintiff," was a good and sufficient judgment. The judgment is in favor of the New

Boston Fish Company. The misnomer of plaintiff in the body of the judgment by the insertion of the word "Market" will be considered as surplusage, which in no way affects the validity of the judgment or of the execution thereon. The judgment is reversed and the cause remanded.

*Reversed and remanded.*